

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2004

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4508

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Brown" (2004). *2004 Decisions.* Paper 932.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/932

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-4508

UNITED STATES OF AMERICA

v.

JUANITA BROWN,

Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Dist. Court No. 02-cr-00051)
District Court Judge: Hon. Mary A. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2004

Before: SLOVITER, NYGAARD, <u>Circuit Judges</u>, and OBERDORFER,[*] <u>District Judge</u>.

(Opinion Filed March 17, 2004)

_____

[*] The Honorable Louis F. Oberdorfer, Senior District Judge, United States District Court for the District of Columbia, sitting by designation.

1

OPINION OF THE COURT

OBERDORFER, <u>District Judge</u>:

Juanita Brown appeals from her conviction pursuant to a plea agreement. Brown argues that her trial level counsel's performance was ineffective in violation of the Sixth Amendment to the United States Constitution. For the reasons stated below, we dismiss her appeal.

Pursuant to a plea agreement, Brown pleaded guilty to one count of making false statements and representations to federally licensed firearms dealers in violation of 18 U.S.C. § 924(a)(1)(A). Following a hearing, the district court imposed a prison term of 21 months and a supervised release term of three years.

On appeal, Brown argues that her counsel's performance at the sentencing hearing was constitutionally ineffective because her counsel stipulated to the applicability of a two-level enhancement under USSG § 2K2.1(b)(4) (obliterated serial number), and failed to object to the application of a two-level adjustment under USSG § 3(C)1.1 (obstruction of justice). However, "we have stated repeatedly that Sixth Amendment claims of ineffective assistance of counsel should ordinarily be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255 rather than on direct appeal." <u>United Sates v. Jake</u>, 281 F.3d 123, 132 n.7 (3d Cir. 2002) (collecting cases); <u>see</u> <u>also</u> <u>United States v. Thornton</u>, 327 F.3d 268, 271 (3d Cir. 2003) ("[I]t is preferable that such claims be considered on

collateral review rather than on direct appeal.") (citing <u>Massaro v. United States</u>, 123 S. Ct. 1690 (2003).[2]

The rationale underlying this rule is that "'[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose.'" <u>Thornton</u>, 327 F.3d at 272 (quoting <u>Massaro</u>, 123 S. Ct. at 1694). In contrast, the district court is well-positioned to receive evidence that develops the record on the issues germane to a claim for ineffective assistance of counsel. Moreover, "'the § 2255 motion often will be ruled upon by the same district judge who presided at trial. The judge, having observed the earlier trial, should have an advantageous perspective for determining the effectiveness of counsel's conduct and whether any deficiencies were prejudicial.'" <u>Id.</u>

Our preference for ineffective assistance claims being raised in the first instance in a habeas petition to the district court is sufficiently strong that recently, in a case where the "[g]overnment <u>concede[d]</u> defense counsel's error," <u>Thornton</u>, 327 F.3d at 272 (emphasis supplied), we nonetheless denied the appellant's claim of ineffective assistance

---

[2] "We have noted an exception to this practice where the Sixth Amendment claim of ineffective assistance of counsel is predicated on an actual showing of conflict of interest between the attorney and the accused as apparent from the face of the record." <u>Jake</u>, 281 F.3d at 132 n.7 (citing <u>Government of the Virgin Islands v. Zepp</u>, 748 F.2d 125, 133-34 (3d Cir. 1984)). We need not decide whether that exception is still viable in light of <u>Massaro</u>, 123 S. Ct. 1690, because even if it is, Brown advances no arguments concerning conflict of interest.

of counsel, though "without prejudice to his right to raise th[e] claim on a collateral attack brought pursuant to 28 U.S.C. § 2255." Id. at 273. Brown identifies no reason why this outcome is not appropriate here. Accordingly, we will dismiss Brown's appeal without prejudice to her right to raise a claim for ineffective assistance in a petition for a writ of habeas corpus to the district court.