

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2004

# USA v. Bailey

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1736

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Bailey" (2004). *2004 Decisions.* Paper 480.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/480

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1736
_____

UNITED STATES OF AMERICA

v.

MELISSA G. BAILEY,

Appellant

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Crim. No. 00-cr-00023-2)
District Judge: Honorable Gregory M. Sleet
_____

Submitted Under Third Circuit LAR 34.1(a)
December 15, 2003

Before:    ROTH, MCKEE AND ROSENN, <u>CIRCUIT JUDGES</u>

(Filed : July 21, 2004)

_____

OPINION
_____

Roth, <u>Circuit Judge</u>

Appellant Melissa Bailey appeals the judgment of sentence entered in the United

States District Court for the District of Delaware on March 5, 2002. Bailey pleaded guilty to conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Count II), and embezzlement by a bank employee in violation of 18 U.S.C. § 656 (Count IV). The District Court sentenced her to 60 months imprisonment on Count II, and 87 months imprisonment on Count IV, with the sentences to run concurrently.

Bailey raises two issues on appeal. First, she claims that counsel was ineffective for failing to object to the loss figure applied by the District Court in calculating the applicable guideline range on Count IV. Second, Bailey argues that the District Court abused its discretion in refusing to grant a downward departure. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

In general, we will not entertain a defendant's claim of ineffective assistance of counsel on direct appeal unless we have a sufficient record on appeal to decide the issue. See United States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003); see also Massaro v. United States, 123 S.Ct. 1690, 1696 (2003) (declining to hold that ineffective assistance of counsel claims must be reserved for collateral review). We agree with both parties that the record is sufficient to resolve the issue in this case. To establish ineffective assistance of counsel, Bailey must show that counsel's performance was deficient and that the deficient performance prejudiced her. See Strickland v. Washington, 466 U.S. 668, 687 (1984). This she cannot do.

Bailey claims that counsel was ineffective for failing to object to a loss amount set

forth in the Presentence Investigation Report (PSR) with respect to Count IV. As a result, Bailey claims that her Total Offense Level was increased from 28 to 29, resulting in a higher sentence.[1] However, counsel's alleged error had no impact whatsoever on the District Court's sentencing guideline calculation. As set forth above, Bailey pleaded guilty to two counts: Count II, conspiracy to commit robbery, and Count IV, embezzlement. The counts were grouped separately. The calculation on Count II resulted in an adjusted offense level of 32. The allegedly erroneous calculation on Count IV resulted in an adjusted offense level of 15. Because the offense level on Count IV was more than nine levels lower than that for Count II, the score on Count IV was disregarded for purposes of calculating the final offense level. See U.S.S.G. § 3D1.4(c). Therefore, the combined total offense level was based solely on the uncontested calculation for Count II. Counsel's alleged error thus did not prejudice Bailey. See Strickland, 466 U.S. at 687.

Bailey's second claim is that the District Court erred in refusing to grant a downward departure. We lack jurisdiction to review the District Court's discretionary decision to not depart. See United States v. McQuilkin, 97 F.3d 723, 729 (3d Cir.1996) (a

---

[1] Specifically, Bailey claims that in her plea agreement, with respect to Count IV, she pleaded guilty to embezzling "approximately $100,000." The PSR noted that Bailey had initially indicated that she had embezzled approximately $150,000, and thus increased the offense level on Count IV by nine levels because Bailey had embezzled between $120,000 and $200,000. Had Bailey embezzled less than $120,000, the increase in the offense level would have been less.

court of appeals "lack[s] jurisdiction to review a refusal to depart downward when the district court, knowing it may do so, nonetheless determines that departure is not warranted"). Bailey claims, however, that we have jurisdiction over this claim because the District Court based its decision upon materially false information and thus the sentence was imposed in violation of the law. See United States v. Torres, 251 F.3d 138, 151 (3d Cir. 2000). A review of the record shows that the District Court did not base its decision upon materially false information. The District Court's interpretation of the facts merely differed from Bailey's. In this case, the District Court reviewed the facts and concluded that they did not warrant a downward departure. A clearly discretionary determination by the District Court is not reviewable. See United States v. Sally, 116 F.3d 76, at 78 (3d Cir.1997). To the extent that Bailey claims that the District Court did not adequately analyze the evidence when considering the government's departure motion, the claim lacks merit. In declining to depart, the District Court conducted an individualized examination of Bailey's substantial assistance and acknowledged the factors enumerated in U.S.S.G. § 5K1.1. See Torres, 251 F.3d at 147 (explaining duty of sentencing judge).

For the reasons set forth above, we will affirm the judgment of sentence.