

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2005

# USA v. Brito

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4298

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Brito" (2005). *2005 Decisions.* Paper 1430.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1430

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4298

UNITED STATES OF AMERICA

v.

JOSE BRITO,
                         Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 00-00635)
Honorable Ronald L. Buckwalter, District Judge

Submitted under Third Circuit LAR 34.1(a)
October 29, 2004

BEFORE:  SCIRICA, Chief Judge, and FISHER and GREENBERG, Circuit Judges

(Filed: March 25, 2005)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

Appellant Jose Brito pleaded guilty to ten counts of a twelve-count indictment

charging him with narcotics offenses involving possession and distribution of cocaine,

cocaine base and heroin.  In addition, the indictment charged him with two weapons

offenses, but we are not concerned with them as the district court dismissed these two

offenses on the government's motion. The district court sentenced Brito to a 235-month

custodial term to be followed by a five-year term of supervised release and Brito appeals.

The district court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction

under 28 U.S.C. §§ 1291 and 18 U.S.C. § 3742(a). Brito raises two issues on this appeal:

> I. Whether the Court correctly increased the base offense level by two points pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon while Appellant allegedly committed a violation of the Controlled Substances Act?

> II. Whether trial counsel was ineffective for not litigating the motion to suppress the physical evidence found in 538 Walnut Street, Reading, PA.?

The government argues that we should deny Brito's ineffective assistance of

counsel claim without review on the merits, but without prejudice to Brito being free to

bring a collateral proceeding raising the claim under 28 U.S.C. § 2255. See, e.g., United

States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003). We agree with the government on

this point and thus we do not consider the ineffective assistance of counsel claim.

Moreover, we will not review Brito's sentencing contention as the district court should

resentence Brito in accordance with United States v. Booker, 543 U.S. __, 125 S.Ct. 738

(2005).

For the foregoing reasons the judgment of conviction and sentence entered

October 28, 2003, will be affirmed with respect to the conviction but without prejudice to

Brito bringing a proceeding under 28 U.S.C. § 2255 predicated on his claim that his trial

attorney was ineffective.  We, however, will vacate the sentence and will remand the case to the district court for resentencing.