

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2003

# USA v. Thornton

Precedential or Non-Precedential: Precedential

Docket 02-2151

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Thornton" (2003). *2003 Decisions.* Paper 517.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/517

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed May 7, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2151

UNITED STATES OF AMERICA

v.

MICHAEL BENJAMIN THORNTON

Michael Thornton,
*Appellant*

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 99-cr-00600)
District Judge: Hon. Bruce W. Kauffman

Submitted Under Third Circuit LAR 34.1(a)
March 13, 2003

Before: SLOVITER, NYGAARD, and
ALARCON,* *Circuit Judges*

(Filed: May 7, 2003)

* Hon. Arthur L. Alarcon, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Maureen Kearney Rowley
  Chief Federal Defender
David L. McColgin
  Assistant Federal Defender
  Supervising Appellate Attorney
Federal Court Division
Defender Association of Philadelphia
Philadelphia, PA 19106-2414

  Attorneys for Appellant

Patrick L. Meehan
  United States Attorney
Laurie Magid
  Deputy United States Attorney
  for Policy and Appeals
Robert A. Zauzmer
  Assistant United States Attorney
  Senior Appellate Counsel
Richard J. Zack
  Assistant United States Attorney
Philadelphia, PA 19106

  Attorneys for Appellee

---

## OPINION OF THE COURT

---

SLOVITER, *Circuit Judge.*

Michael Thornton appeals from the District Court's judgment convicting him of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and sentencing him pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). Thornton contends that his defense counsel was ineffective for introducing a police report into evidence in unredacted form, that the felon-in-possession statute is unconstitutional and that he should not be subjected to a sentence increase required under 18 U.S.C. § 924(e).

I.

BACKGROUND

On June 28th, 1999, Philadelphia Police Sergeant Jamill Taylor was supervising a crowd in Philadelphia as two nightclubs let out. He was sitting in his patrol car and speaking to Officers Jacob Williams and Curtis Younger of the Philadelphia Highway Patrol, who were standing near the car. Sergeant Taylor saw Thornton standing on the street nearby. He recognized Thornton as they had grown up in the same neighborhood.

Sergeant Taylor informed Officers Younger and Williams that Thornton was wanted on a warrant for assaulting Taylor's brother in New Jersey. Officer Williams walked towards Thornton and Thornton fled. Officers Younger and Williams pursued Thornton on foot, while Sergeant Taylor blocked the street with his car. Officer Younger ultimately knocked Thornton to the ground. According to the three officers, a loaded gun fell out of Thornton's waistband. The gun was on the street momentarily before Officer Williams picked it up and unloaded it. The gun was not submitted for fingerprinting because the three officers said that they had seen Thornton in possession of the gun and because the officers had handled the gun.

Following Thornton's arrest, the grand jury returned an indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Prior to trial, the District Court ruled that because Thornton was charged with possession of a gun, admission of the fact that the charges for assault on Sergeant Taylor's brother involved a shooting would unfairly prejudice him. Counsel agreed that the charges underlying the warrant would be referred to as an aggravated assault and that the parties would not refer to a gun or a shooting. Thornton's trial ended in a hung jury and the District Court declared a mistrial.

At the second trial, where Thornton was represented by new counsel, the parties stipulated that the firearm traveled in interstate or foreign commerce within the meaning of 18 U.S.C. §§ 921, 922, and that Thornton had been previously convicted of a crime punishable by a term of imprisonment

of more than one year. The only issue for the jury was whether Thornton possessed the gun.

The officers testified that they saw the gun fall from Thornton's person. In his defense, Thornton called two friends who saw him at one of the clubs that evening. They testified that admission to the club required passing through metal detectors. One of the witnesses testified that she saw Thornton on the street before the arrest, hugged him and did not feel a gun. Both witnesses were on the street when the arrest occurred and testified that they did not see a gun fall from Thornton's person.

As in the first trial, the witnesses did not mention that the charges for aggravated assault on Sergeant Taylor's brother involved a shooting. Thornton's counsel, however, introduced into evidence a police report summarizing Thornton's arrest. The report described the police chase and stated that Thornton was wanted on a warrant on an aggravated assault with a gun for shooting Sergeant Taylor's brother. Defense counsel did not seek to redact the report to remove the reference to the gun or a shooting.

During deliberations, the jury asked whether it could consider information from the report that was not discussed during the trial. Counsel agreed that since the report was in evidence the jury could do so and the District Court so instructed the jury. The jury returned a guilty verdict.

At sentencing, Thornton unsuccessfully argued that he was subject to a maximum of ten years imprisonment, not the life sentence applicable under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because his prior convictions were not submitted to the jury as required by *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The District Court rejected Thornton's argument and sentenced him to 235 months in prison, five years supervised release, a fine of $1,000 and a special assessment of $100.

5

II.

DISCUSSION

A.  *Ineffective Assistance of Counsel*

Thornton argues that defense counsel "was plainly ineffective for placing into evidence, without any redaction, a police investigation report which twice stated that Mr. Thornton's aggravated assault charge in Camden involved a gun and a shooting." Appt's. Br. at 14. He argues that defense counsel should have been aware that the District Court had ruled before the first trial that reference to the shooting or the gun was unfairly prejudicial, and that counsel should have redacted the report. Because the Government concedes that counsel's performance in this case was deficient, the only issue before this court is whether his performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 691-92 (1984).

To establish prejudice for purposes of an ineffective assistance of counsel claim, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Thornton argues that counsel's deficient performance in failing to object to the admission of the police report in unredacted form was prejudicial to his defense. He notes that the court had excluded it at the first trial because it would "unfairly prejudice" him. After the jury began deliberating, it asked the court "[s]hould we consider information from [the police report] that was not discussed during the trial?" App. at 333. Counsel agreed that the jury may consider such information. The police report summarizes the statements of Sergeant Taylor and Officers Williams and Younger about the incidents leading to Thornton's arrest, all of which was discussed during the trial. The only information in the report that was not discussed at trial was the fact that Thornton was wanted on a warrant "on an agg. assault with a gun for shooting Sgt. Taylor's brother," that Thornton was wanted on a

warrant for an assault "by handgun," and that he did not have a valid permit to carry the gun obtained on the night at issue. App. at 365.

The jury's question may suggest that it considered the fact that Thornton was charged with a crime involving a gun in the course of its determination of whether he possessed a gun on the night at issue. This would be relevant to the issue of prejudice from the introduction of the unredacted police report. Nonetheless, we will not reach this issue on this appeal. It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack. *See, e.g.*, *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998). Nonetheless, we have held that we may address the claim of ineffective assistance of counsel on direct appeal when the record is sufficient to allow determination of the issue. *See United States v. Headley*, 923 F.2d 1079 (3d Cir. 1991).

A recent decision of the United States Supreme Court has now provided a thorough analysis of why it is preferable that such claims be considered on collateral review rather than on direct appeal. In *Massaro v. United States*, No. 01-1559 (U.S. April 23, 2003), the Court considered the rule of the Court of Appeals for the Second Circuit that required that a defendant represented by new counsel on appeal raise any ineffective assistance of counsel claim on direct appeal if ineffectiveness was evident from the record. The Supreme Court rejected that rule, stating:

> When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose. Under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial. The evidence introduced at trial, however, will be devoted to issues of guilt or innocence, and the resulting record in many cases will not disclose the facts necessary to decide either prong of the *Strickland* analysis. If the alleged error is one of

> commission, the record may reflect the action taken by counsel but not the reasons for it. The appellate court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse.

*Id.*, slip op. at 4.

Even though the Government concedes defense counsel's error,[1] the Court's opinion in *Massaro* points out that the issue of prejudice is also best decided in the first instance in a collateral action rather than on direct review. The Court states, "Without additional factual development . . . an appellate court may not be able to ascertain whether the alleged error was prejudicial." *Id.* at 5.

The Court further stated, "In addition, the § 2255 motion often will be ruled upon by the same district judge who presided at trial. The judge, having observed the earlier trial, should have an advantageous perspective for determining the effectiveness of counsel's conduct and whether any deficiencies were prejudicial." *Id.*

Particularly persuasive is the Court's comment that:

> Even meritorious claims would fail when brought on direct appeal if the trial record were inadequate to support them. Appellate courts would waste time and resources attempting to address some claims that were meritless and other claims that, though colorable, would be handled more efficiently if addressed in the first instance by the district court on collateral review.

*Id.* at 6.

Guided by the Supreme Court's decision, we will deny Thornton's claim of ineffective assistance of counsel without

---

1. In its brief, the Government states:

> The government agrees that defense counsel's failure to object to the admission of the report was erroneous and that the issue before the Court is whether Thornton was prejudiced by the error.

Appellee Br. at 15 n.4.

prejudice to his right to raise this claim on a collateral attack brought pursuant to 28 U.S.C. § 2255.

## B. *Constitutionality of Felon-in-Possession Statute*

Thornton also argues that the felon-in-possession statute, 18 U.S.C. § 922(g)(1), is unconstitutional because the conduct that it proscribes, the intrastate possession of a firearm, does not have a substantial effect on interstate commerce, and therefore the statute is not a valid exercise of Congress' Commerce Clause power. He also argues that the statute is unconstitutional as applied to his case because there was no evidence that he possessed the gun in a manner affecting interstate commerce.

As recognized by Thornton, his arguments are foreclosed by this court's decision in *United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001), *cert. denied*, 535 U.S. 976 (2002), which upheld the constitutionality of the statute against a similar attack. Thornton states that he raises this claim in order to preserve it for review by the Supreme Court or for any subsequent collateral proceeding should the statute later be declared unconstitutional by the Supreme Court. Accordingly, we need not address it further.

## C. *Status as an Armed Career Criminal*

Thornton argues that he should not have been sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because the prior convictions on which his characterization as an armed career criminal was based should have been treated as elements of the offense, charged in the indictment and submitted to the jury under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Like his prior claim, Thornton recognizes that this court rejected his argument, this time in our opinion in *United States v. Mack*, 229 F.3d 226, 231 n.7 (3d Cir. 2000), *cert. denied*, 532 U.S. 1045 (2001), and explains that he raises it only to preserve it for review by the Supreme Court or for any subsequent collateral proceedings. We decline to address it further.

## III.

## CONCLUSION

For the reasons stated above, we will affirm the judgment of conviction and sentence, as noted without prejudice to Thornton's right to raise the ineffective assistance of counsel claim in a collateral attack.

A True Copy:
      Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*