

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2004

# USA v. Tannassee

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1196

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Tannassee" (2004). *2004 Decisions.* Paper 717.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/717

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1196

UNITED STATES OF AMERICA

v.

CECIL ROHAN TANNASSEE,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge:  The Honorable Thomas N. O'Neill, Jr.
(D.C. No. 02-cr-00344-01)
_____

Submitted under Third Circuit LAR 34.1
on March 26, 2004

Before:  FUENTES, SMITH and GIBSON,[*] *Circuit Judges*

(Filed: May 10, 2004)

_____

OPINION OF THE COURT
_____

GIBSON, *Circuit Judge*.

    Cecil Rohan Tannassee appeals the district court's judgment convicting him of one

_____

[*]The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (2000). He does not appeal the 168-month sentence imposed by the district court. Tannassee argues that the government did not present sufficient evidence of the existence of a conspiracy and that he was prejudiced by the ineffective assistance of his trial counsel. We affirm the district court's judgment. With respect to Tannassee's ineffective assistance of counsel claim, we deny it without prejudice to his ability to raise the claim in a collateral proceeding.

Tannassee was convicted by a jury, and our review of the sufficiency of the evidence in this situation is highly deferential. We do not weigh the evidence or determine the credibility of the witnesses. United States v. Hodge, 321 F.3d 429, 439 (3d Cir. 2003). We must view the evidence in the light most favorable to the government, id., and "we will overturn a jury verdict only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt." United States v. Thayer, 201 F.3d 214, 218-19 (3d Cir. 1999) (internal quotation and citation omitted).[1]

David Lopez was a cooperating witness who testified about his cocaine purchases from Tannassee. Lopez, who resided in Reading, Pennsylvania, traveled to Lehigh Acres,

[1]Tannassee moved for judgment of acquittal at the close of the government's case and at the conclusion of the evidence, contrary to the government's assertion. Our review is therefore not for plain error, as the government urges.

Florida in the fall of 2000 to search for a new cocaine supplier. He met Tannassee, who operated a small site construction business in Lehigh Acres, and told him of his search. After Lopez returned to Pennsylvania, Tannassee called him and said he was on his way with "half a key" of cocaine. Tannassee and Lopez met at a motel where Tannassee gave him a suitcase filled with 500 grams of cocaine. Lopez took the cocaine to his home, where Matthew Folk met him and paid him $15,000 for it. Lopez, in turn, gave $13,000 to Tannassee. Lopez flew to Florida in January 2001 to get another 500 grams of cocaine from Tannassee. Tannassee rented a car for Lopez to drive himself back to Pennsylvania. Once home, he sold the cocaine to Folk for $15,000. As Lopez was returning the rental car to Florida, he was stopped for speeding in South Carolina. In their search of the car, police found and seized $15,865 in the trunk. While he was seated in the patrol car, Lopez called Tannassee on his cell phone and they discussed what he should say about the money and his need for bail.

Over the next three months, Tannassee made four more deliveries to Lopez totaling more than 6 kilograms of cocaine. Lopez was arrested in his home on April 3, 2001 after he showed Folk some of the cocaine he had received from Tannassee. Folk had been arrested for selling cocaine one week earlier and had agreed to wear transmitting and recording devices when he visited Lopez. Following their arrests, both Lopez and

Folk agreed to testify against Tannassee. Both had entered plea agreements[2] and been sentenced before Tannassee's trial. Lopez received a sentence of five years, which was at most one-third of his possible sentence. Folk was sentenced to 24 months, while he faced a possible sentence of five years.

Tannassee alleges that the government failed to prove that a conspiracy existed and that the evidence surrounding his interactions with Lopez proved nothing more than a buyer-seller relationship between them. However, we conclude that the government introduced sufficient evidence of the elements of a conspiracy between Tannassee and Lopez. The record includes evidence of a unity of purpose between them, their shared intent to achieve a common goal, and an agreement that they would work together toward that goal. See United States v. Pressler, 256 F.3d 144, 149 (3d Cir. 2001).

Tannassee correctly states that a conspiracy is not proved merely with evidence of sales agreements that form a buyer-seller relationship. Rather, the government must show that the coconspirators had some other goal that they agreed to work toward. See United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999). This evidence may be entirely circumstantial. Id. Here, the evidence showed that Lopez was looking for someone who could consistently supply him with cocaine that he could resell, that Tannassee knew that Lopez had ready buyers for the cocaine he would supply, and that Tannassee allowed

_____

[2]The record does not reveal the specific charges to which either Lopez or Folk pled guilty.

4

Lopez to have the cocaine without paying for it because he trusted Lopez to pay him as soon as he sold it. Folk was Lopez's biggest customer, and Tannassee met Folk on more than one occasion when he brought cocaine.

With respect to Folk, Tannassee asserts that the government proved no conspiracy with him or Lopez. Although the indictment refers to both Lopez and Folk, the government needed only to prove that Tannassee conspired with one of them in order to obtain a conviction. Pressler, 256 F.3d at 149 ("The Government needed to show only that [the defendant] conspired with 'someone--anyone.'" (quoting United States v. Obialo, 23 F.3d 69, 73 (3d Cir. 1994)). Viewing the evidence in the light most favorable to the government, we conclude that the record contains sufficient evidence from which a jury could convict Tannassee of conspiracy to distribute and possess with intent to distribute cocaine.

Tannassee also argues on this direct appeal that we should consider his claim of ineffective assistance of trial counsel. He alleges that his trial counsel failed to argue the sufficiency of evidence of a conspiracy, and that he put Tannassee on the stand and introduced character evidence without seeking to prevent the introduction of Tannassee's prior convictions. The record before us is inadequate for the purpose of evaluating Tannassee's claim, and we therefore deny it without prejudice to his right to raise it on collateral attack pursuant to 28 U.S.C. § 2255 (2000). United States v. Thornton, 327 F.3d 268, 271-72 (3d Cir. 2003).

5

We will affirm the judgment of the district court. We will dismiss Tannassee's claim of ineffective assistance of trial counsel without prejudice to his right to bring the claim in a collateral attack under 28 U.S.C. § 2255.