

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2004

# USA v. Ferguson

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2605

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Ferguson" (2004). *2004 Decisions.* Paper 577.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/577

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-2605

———————

UNITED STATES OF AMERICA

v.

BRIAN T. FERGUSON,

Appellant

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 02-cr-00101)
Honorable Donetta W. Ambrose, District Judge

———————

Submitted under Third Circuit LAR 34.1(a)
June 28, 2004

BEFORE:  AMBRO, BECKER, and GREENBERG, Circuit Judges

———————(Filed: June 29, 2004)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

This matter comes on before this court on an appeal from a judgment of conviction

and sentence entered on May 29, 2003.  The government charged appellant Brian T.

Ferguson in a three-count amended information with intentionally accessing the private

email account of another individual in violation of 18 U.S.C. § 1030(a)(2). He pleaded not guilty but at the ensuing trial the jury convicted him on all three counts.

The district court calculated Ferguson's sentencing range as follows. The base offense level under U.S.S.G. § 2B1.1 was 6. The court then made a 3-level upward adjustment under U.S.S.G. § 3A1.2(a) because the victim of the offenses was a government officer, a judge of the Allegheny County Court of Common Pleas and Ferguson was motivated to commit the offenses because the judge was presiding over his divorce action and he was unhappy with her rulings. In addition, the court made a 2-level upward adjustment under U.S.S.G. § 3B1.3 because Ferguson facilitated the commission of the offenses by using his special skill with computers. Finally, the court made a 2-level upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1 predicated on Ferguson's manufacture of evidence, i.e., creating a false affidavit for his girlfriend Nancy Cooper. Thus, Ferguson's total offense level was 13 which, when combined with his criminal history category of I, yielded a guideline range of 12 to 18 months. The court sentenced Ferguson to three concurrent custodial terms of 12 months and one day to be followed by three concurrent one-year terms of supervised release. This appeal followed. We have jurisdiction under 18 U.S.C. § 3742(a) and 18 U.S.C. § 1291.

Ferguson raises two issues on this appeal:

I. The appellant's constitutional right to effective counsel was violated when his appointed trial counsel failed to move the court to enter a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure based on the government's failure to present competent evidence

2

at trial proving an essential element of the offense.

II. The district court was clearly erroneous when relying on the hearsay testimony presented by the government that the appellant obstructed justice, which ultimately resulted in the addition of two points to the appellant's base offense level score by the district court pursuant to U.S.S.G. § 3C1.1.

Appellant's br. at i.

We decline to pass on Ferguson's first point charging ineffective assistance of counsel in relation to the sufficiency of the evidence as he may raise it in a proceeding under 28 U.S.C. § 2255. See United States v. Thornton, 327 F.3d 268, 271-72 (3d Cir. 2003). Thus, while we are affirming his conviction and sentence we do so without prejudice to his ineffective assistance of counsel claim. Our final comment on this point is that Ferguson has not attempted to raise a sufficiency of the evidence argument under Federal Rule of Criminal Procedure 29 directly on a plain error basis.

The parties apparently are confused with respect to our standard of review over Ferguson's sentencing contention. We note that he seems to believe that our review is under the deferential clearly erroneous standard. Yet he then makes it clear that his real complaint is that the court erred in admitting hearsay evidence, thus erring as a matter of law, an approach which, if accepted, would lead to plenary review in this court. Then he mixes the standards of review, for in his brief he indicates that "the district court's acceptance of the hearsay testimony was clearly erroneous since the court was unable to properly assess the reliability and accuracy of the evidence presented." Appellant's br. at 27. The government, too, is not helpful in setting forth our standard of review as it

3

indicates that we review "a district court's interpretation of the Sentencing Guideline de novo, and its factual findings for clear error." Appellee's br. at 2. Yet, the hearsay point that Ferguson raises does not involve an interpretation of the guidelines and if the court correctly considered the hearsay its findings cannot possibly be clearly erroneous.

Ultimately, though, it does not matter whether we exercise plenary review over the admission of the hearsay, review it on an abuse of discretion basis, or consider it on a clearly erroneous basis as we find that, no matter which standard we follow, we would conclude that the court properly admitted the evidence. The hearsay issue relates to testimony of FBI agent Thomas Grasso at the sentencing hearing reflecting his interviews of Nancy Cooper. The thrust of his testimony was that Ferguson caused her to change her account of events relating to this case and to sign a false affidavit at Ferguson's behest. While there can be no doubt but that this hearsay testimony would not have been admissible at a trial, and the government does not contend otherwise, the testimony was not inadmissible at the sentencing hearing by reason of it being hearsay as the Federal Rules of Evidence are not applicable at such a hearing. Fed. R. Evid. 1101(d)(3). Indeed, hearsay often is admitted at sentencing hearings. See United States v. Paulino, 996 F.2d 1541, 1547 (3d Cir. 1993). Instead, the inadmissibility of evidence at sentencing proceedings is governed by U.S.S.G. § 6A1.3(a) which provides that information admitted at sentencing must have "sufficient indicia of reliability to support its probable accuracy." See United States v. Miele, 989 F.2d 659, 662-65 (3d Cir. 1993).

4

In reaching our conclusion that the evidence was admissible, we agree with the government that the evidence was reliable. First, there is no doubt that Grasso accurately recounted Cooper's statements. Moreover, her statements were reliable. As the government points out, Cooper made her statements to government agents in the course of a criminal investigation. Obviously, she had every incentive in these circumstances not to be dishonest and thereby open herself up to a charge of making false statements. Second, Cooper's attorney represented to the court that her version of the events would support the government. Third, her testimony seems not to have been contradicted. Thus, the court did not err in admitting the hearsay evidence.

For the foregoing reasons we will affirm the judgment of conviction and sentence entered on May 29, 2003.