

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-14-2005

# USA v. Rodriguez

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1801

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Rodriguez" (2005). *2005 Decisions*. Paper 410.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/410

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1801
_____

UNITED STATES OF AMERICA

v.

MIGUEL A. RODRIGUEZ

Miguel Rodriguez,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cr-00021-5)
District Judge:  Honorable John C. Lifland
_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2005

Before:  ROTH, McKEE and FISHER, *Circuit Judges*.

(Filed:   October 14, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

I.

Following a jury trial, Appellant Miguel Rodriguez was convicted of two counts of conspiracy to distribute cocaine and one count of distribution of cocaine, and was sentenced to 210 months imprisonment on each count, to be served concurrently. For the reasons set forth below, we will affirm his conviction as to each count, and remand for resentencing. As we write only for the parties, we will avoid recapitulation of the briefs, and set forth only those facts necessary to our analysis.

Rodriguez was driving a van containing 231 kilograms of cocaine in cardboard boxes when he was stopped and arrested by the New Jersey state police. He claimed that he did not know what was in the boxes and that they did not belong to him. Of particular relevance to this appeal are two undisputed facts: First, the cocaine that was found in the van had been placed there by state police officers while the van was in the sole control of the police. Second, the government's case relied heavily – indeed, for the conspiracy charges, almost entirely – on the testimony of one Carlos Ruben Ojeda, who testified, inter alia, that he and Rodriguez had planned and executed this and several other cocaine shipments.

Because Rodriguez did not put the cocaine in the van, his knowledge of the contents of the boxes is a necessary element to the distribution count. As to the conspiracy counts, Ojeda's testimony is virtually the sole evidence for the existence of the

2

conspiracies and for Rodriguez's participation. Ojeda's testimony is therefore the key to the government's case. Rodriguez contends that his trial counsel failed to pursue certain lines of cross examination that could have undermined Ojeda's credibility.

Rodriguez raises three issues on appeal. First, he contends that his trial counsel provided ineffective assistance. Second, he challenges the sufficiency of the evidence supporting the verdict. Third, he challenges the validity of his sentence under recent Supreme Court precedents. We have jurisdiction to hear appeals of both conviction and sentence under 28 U.S.C. § 1291.

## II.

Rodriguez argues that his counsel was ineffective and seeks reversal of his conviction on that ground. The United States urges us to deny the ineffective assistance claim based on the record on appeal. Our review of ineffective assistance claims on direct appeal is governed by *United States v. Thornton*, 327 F.3d 267 (3d Cir. 2003). While ineffective assistance claims may, in rare cases, be resolved on direct appeal, our preference is to "defer the issue of ineffectiveness of trial counsel to a collateral attack." *Id*. at 271. We will decide ineffective assistance claims on direct appeal only in those rare cases in which "the record is sufficient to allow determination of ineffective assistance," so that "there is no need for further factual development." *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991).

Both Rodriguez and the United States argue that the existing record is sufficient to decide the issue of ineffective assistance. However, we do not find the record sufficiently compelling to overcome our preference for a separate hearing. We therefore decline to decide on the basis of the existing record whether defense counsel was ineffective, as Rodriguez claims, or "exemplary," as the government claims. In his appeal, Rodriguez makes much of the fact that his trial counsel could have conducted a more thorough investigation and a more searching cross-examination. However, the question to be answered is whether there is a "rational basis to believe that ... trial counsel's failure [to ask certain questions or make certain arguments] was a strategic choice." *Headley*, 923 F.2d at 1083. That question is best addressed in a separate proceeding under 28 U.S.C. § 2255 in which a record may be developed concerning counsel's strategy and choices.

III.

Rodriguez argues that much of Ojeda's testimony is absurd and that Ojeda had clear motives to lie. Because the jury verdict necessarily relied heavily on Ojeda's testimony, Rodriguez urges us to reverse it as being based on insufficient evidence. "When deciding whether a jury verdict was based on sufficient evidence," our review is "particularly deferential." *United States v. Cothran*, 286 F.3d 173, 175 (3d Cir. 2002) (citing *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998)). "It is not our role to weigh the evidence or to determine the credibility of the witnesses. We must view the evidence in the light most favorable to the Government and sustain the verdict if any

4

rational juror could have found the elements of the crime beyond a reasonable doubt." *Id.* (internal citation omitted). Because Rodriguez did not preserve this issue for appeal by making a timely motion for a judgment of acquittal, his burden is even higher, and we will affirm his conviction unless it constitutes a "fundamental miscarriage of justice." *United States v. Gordon*, 290 F.3d 539, 547 (3d Cir. 2002) (internal quotation marks, citation omitted).

This distinction is of little moment, however, because the sufficiency issue here is a credibility issue, and an appellate court cannot make credibility judgments on an appellate record. That task is for the jury alone. *Schlup v. Delo*, 513 U.S. 298, 330 (1995); *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Burks v. United States*, 437 U.S. 1, 16-17 (1978); *Hoffa v. United States*, 385 U.S. 293, 311 (1966); *Glasser v. United States*, 315 U.S. 60, 80 (1942). For the purposes of appellate review of the sufficiency of the evidence supporting a jury verdict, we must "presume that the jury properly evaluated [the] credibility of the witnesses," *United States v. Iafelice*, 978 F.2d 92, 94 (3d Cir. 1992). If Rodriguez's counsel failed adequately to undermine Ojeda's credibility, Rodriguez is free to raise that issue at a collateral proceeding on his ineffective assistance claim. But on this appeal, we must ask only whether, if the jury believed Ojeda, there was sufficient evidence to convict. And to that question the clear answer is "yes." Accordingly we will affirm Rodriguez's conviction.

IV.

Rodriguez also challenges his sentence under *Blakely v. Washington*, 542 U.S. 296 (2004), on the grounds that the factual determination of the amount of cocaine he distributed was made by the judge rather than the jury. *United States v. Booker*, 543 U.S. ---, 125 S. Ct. 738 (2005), decided during the pendency of this appeal, controls this case. Having concluded that the sentencing issues raised here are best determined by the District Court in the first instance, we will vacate Rodriguez's sentence and remand for resentencing in accordance with *Booker*.