

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2007

# USA v. Garner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3330

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Garner" (2007). *2007 Decisions*. Paper 524.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/524

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-3330

———————

UNITED STATES OF AMERICA

v.

MELISSA GARNER, also known as, MELISSA GREBAUSKI

Melissa Garner,
Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cr-00050-2)
District Judge: Hon. James T. Giles

———————

Submitted under Third Circuit LAR 34.1(a)
on July 13, 2007

Before: SLOVITER, ALDISERT and ROTH, <u>Circuit Judges</u>

(Opinion filed August 29, 2007 )

———————

O P I N I O N

———————

**ROTH**, <u>Circuit Judge</u>:

Melissa Garner was charged with one count of conspiracy to commit bank embezzlement, identity theft, and bank fraud, in violation of 18 U.S.C. § 371. She pleaded guilty pursuant to a written plea agreement, which included a waiver of her rights to appeal or collaterally attack her conviction and sentence.

The appellate waiver contained four limited exceptions: (1) if the government appealed from the District Court's sentence, Garner could appeal as well; (2) if the government did not appeal, Garner could appeal if (a) her sentence exceeded the statutory maximum, (b) the District Court erroneously departed upwards from the Guideline range, or (c) the District Court, pursuant to *Booker*, imposed an unreasonable sentence above the final Guideline range as determined by the court. At the plea colloquy, the District Court reviewed these provisions with Garner and assured that she entered the plea knowingly and intelligently.

The District Court sentenced Garner to 36 months imprisonment, which was within the calculated Guideline Range of 33-41 months. Garner timely appealed. With new counsel, Garner now argues that her trial counsel was constitutionally ineffective for failing to object to certain disputed sections of the presentence report.

We have no jurisdiction over this appeal because none of the appellate waiver exceptions provided for in the plea agreement apply to this case. *See United States v. Khattak*, 273 F.3d 557, 561-63 (3d Cir. 2001). Although "there may be an unusual

2

circumstance where an error amounting to miscarriage of justice may invalidate the waiver," *id.* at 562, no such circumstance exists here. In any case, we usually defer ineffectiveness assistance of counsel claims to collateral attack, except under one "narrow exception" – i.e., "when the record is sufficient to allow determination of that issue." That exception is not applicable to this case. *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003).

We therefore grant the government's motion to enforce Garner's appellate waiver and we will dismiss the appeal for lack of appellate jurisdiction. *See United States v. Lockett*, 406 F.3d. 207, 212-13 (3d Cir. 2005).