NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1526
_____

UNITED STATES OF AMERICA

v.

MEHAL MOTHON,

Appellant
_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. Criminal Action No. 1-09-cr-00825-001)
District Judge:  Honorable Joseph H. Rodriguez
_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2011
_____

Before:  RENDELL, AMBRO, and FISHER, Circuit Judges

(Opinion filed: January 14, 2011)
_____

OPINION
_____

AMBRO, Circuit Judge

Mehal Mothon pled guilty to food stamp fraud.  He now raises an ineffective-

assistance-of-counsel claim, arguing that his counsel failed to advise him of the

immigration consequences of his plea until during his sentencing hearing. We reject his claim because it is not properly presented on direct appeal.

Mothon pled guilty to conspiracy to steal funds from the U.S. Department of Agriculture ("USDA") that were intended to provide food to the disadvantaged through the Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the Food Stamp Program. Mothon owned a Citgo Food Mart in Westville, New Jersey, which he operated as a licensed SNAP retailer. Over a several-year period, Mothon and his employees exchanged cash for electronically received-SNAP benefits and kept about 50% of the cash on each transaction. Approximately $283,350.36 was fraudulently credited to the Citgo account as if SNAP customers had purchased food from the store when the qualifying sales had never been made.

Mothon was sentenced to 18 months of imprisonment and restitution in the amount of $283,350.36. Because Mothon is a legal permanent resident of the United States but not a citizen, his plea made him subject to removal under the Immigration and Nationality Act (the "Act"), as the loss amount is greater than $10,000 and his crime is thus an aggravated felony under the Act. Mothon is currently incarcerated and removal proceedings against him have begun.

Mothon claims that his counsel did not realize that his plea could render him subject to removal until after it was entered. This, he argues, was constitutionally ineffective counsel under *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), for failing to advise him of the immigration consequences of his plea agreement.

2

We have long established, however, that, but in rare instances, such a claim is properly presented in a collateral proceeding under 28 U.S.C. § 2255, rather than on direct appeal, "in order that the district court may create a sufficient record for appellate review." *Government of Virgin Islands v. Forte*, 806 F.2d 73, 77 (3d Cir. 1986). *See also United States v. Wise*, 515 F.3d 207, 215 (3d Cir. 2008); *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003).

We thus reject Mothon's claim and affirm his sentence, though we express no opinion on the merits of his ineffective-assistance-of-counsel claim should he choose to raise it in a timely collateral proceeding.