**UNITED STATES of America**

v.

**Carl ROSE, Appellant.**

**No. 11–1980.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) June 29, 2012.

Filed: July 2, 2012.

R. Brenner, Esq., Marianne Cox, Esq., Maureen McCartney, Esq., Kathy A. Stark, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Patrick J. Connors, Esq., Media, PA, for Appellant.

Before: SMITH and FISHER, Circuit Judges, and RAKOFF, District Judge.*

OPINION OF THE COURT

RAKOFF, Senior District Judge.

Carl Rose ("Rose") appeals from his conviction for possessing cocaine and for carrying a firearm in violation of two federal laws. For the reasons set forth below, we affirm.

---

* The Honorable Jed S. Rakoff, Senior District Judge for the United States District Court for the Southern District of New York, sitting by designation.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we set forth only those facts pertinent to our analysis.

After a trial that began on January 18, 2011, a jury convicted Rose on three counts: possession of cocaine base with intent to deliver, a violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C); carrying a firearm during and in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). At trial, the Government offered the results of two different tests to show that the substance found when officers arrested Rose was cocaine base. First, the Government called Herman Madera, a forensic scientist who worked for the Philadelphia Police Department. The Government sought to qualify Madera as an expert witness based on the fact that he had conducted narcotics tests for the Philadelphia Police Department for more than twenty years. Defense counsel stated on the record that he was "very satisfied with [Madera's] credentials." After qualification as an expert, Madera testified that he had analyzed the substances that the Government had recovered when it arrested Rose and that those substances "contained the presence of cocaine base."

The Government also sought to admit into evidence the results of a separate field test that the Philadelphia Police Department had conducted. While the Government was examining Anthony Ricci, one of the arresting officers, the following colloquy occurred:

Q: And do you know whether the drugs were tested before they were submitted into evidence?

A: Yes. That's—They always have to be tested.

Q: Okay. And do you know the results of that test?

[Defense Counsel]: Objection.

THE COURT: Did you do the test yourself?

THE WITNESS: I did not do the test, no.

THE COURT: Then I'll sustain the objection.

The results of the field test to which the Government referred in this line of questioning were never admitted into evidence. Nonetheless, during the Government's closing argument, the Assistant United States Attorney made the following statement:

> [Madera's] been working for the Philadelphia Police Chem Lab, I think his testimony was 21 years. Analyzing drugs for 21 years. He knows crack cocaine when he sees it. He told you the test that he performed.

> And he told you that the controlled substance in that bag was crack cocaine. In fact, he confirmed that it was crack cocaine, because you might recall that the crack was actually field tested by the Philadelphia police, and it tested positive for crack cocaine.

In a sidebar following the Government's closing argument, defense counsel reminded the district court that the field test to which the Government had referred had not been admitted into evidence. The district court remarked that defense counsel was correct, and the Assistant United States Attorney apologized for his mistake. Defense counsel did not, however, request that the district court issue any curative instruction in response to the Government's statement.

In defense counsel's closing statement, defense counsel, rather than arguing that the substance was not cocaine base, con-

tended that the Government could not attribute possession of the substance to Rose. Specifically, defense counsel noted that "there's [no] cocaine on his gun—his hands that would be consistent with the bagging of that cocaine. Where he puts the cocaine in those 72 separate bags."

After closing statements, the district court specifically admonished the jury that "[a]ny proposed testimony ... to which an objection was sustained by the Court ... must be entirely disregarded." The district court further instructed the jury that "[q]uestions, objections, statements and arguments of counsel, are not evidence in the case," and thus could not supply the basis for the jury's verdict.

## II.

The District Court had jurisdiction over this case under 18 U.S.C. § 3231. Accordingly, we have appellate jurisdiction under 28 U.S.C. § 1291. Rose argues that his conviction must be overturned because the Government relied in its closing argument on evidence that had not been admitted during trial.[1]

The parties agree that, since defense counsel neither objected to the Government's statement nor requested a curative instruction, we review Rose's claim only for plain error. *See* Fed.R.Crim.P. 52(b). When reviewing for plain error, before an appellate court may correct an error,

"there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Olano,* 507 U.S. at 732, 113 S.Ct. 1770 (internal quotation marks omitted)). "[T]he plain-error exception to the contemporaneous-objection rule is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" *United States v. Young,* 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (quoting *United States v. Frady,* 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

The parties agree that the Government's reference to the field test constituted error and that the error was plain. However, the parties dispute whether the error affected "the fairness, integrity, or public reputation of judicial proceedings." In prior cases, we have found that prosecutorial misconduct—including improper statements made during a closing argument—merits reversal under the plain error standard only where the record reveals "egre-

---

1. On November 14, 2011, Rose requested leave to file a supplemental brief *pro se.* On November 17, 2011, the Clerk of the Court denied that motion under 3d Cir. LAR 31.3, which provides that "parties represented by counsel may not file a brief *pro se.*" The practice embodied in Rule 31.3 "tends to benefit the appellant as well as the court" by focusing the court's attention on those arguments that, in the opinion of experienced counsel, have the greatest chance of success. *Martinez v. Court of Appeal,* 528 U.S. 152, 163, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). Defense counsel subsequently included Rose's

*pro se* brief as an appendix to his own brief and, without endorsing any of Rose's arguments, asked the court to consider Rose's brief as a supplement to his own. On May 17, 2012, we denied defense counsel's motion to treat Rose's *pro se* brief as a supplemental brief. Notwithstanding that denial, we permitted Rose's counsel to seek "leave to file a supplemental brief, drafted by counsel, that sets forth only those arguments raised by the client that counsel believes are meritorious." Defense counsel never sought leave to submit such a brief. Accordingly, we consider only the issue presented in defense counsel's brief.

gious error or a manifest miscarriage of justice." *United States v. Brennan,* 326 F.3d 176, 182 (3d Cir.2003) (quoting *United States v. Brown,* 254 F.3d 454, 458 (3d Cir.2001)).

## III.

The Government's reference to the field test does not rise to the level of "egregious error or a manifest miscarriage of justice." As noted above, an experienced forensic scientist, Herman Madera, testified at trial that the substances officers discovered when they arrested Rose "contained the presence of cocaine base." Defense counsel did not challenge Madera's qualifications, and the parties do not dispute that the district court admitted his testimony into evidence. In his closing argument, defense counsel did not dispute that the evidence in the record established that the substance was cocaine base, arguing instead that the Government had failed to prove that Rose had possessed the cocaine. Thus, the evidence in the record on which the Government based its argument amply supported the conclusion that the substance was cocaine base, and Rose essentially conceded this point.

Moreover, the district court clearly admonished the jury that neither "arguments of counsel" nor "testimony . . . to which an objection was sustained by the Court" could provide a basis for the jury's verdict. *Cf. United States v. Lee,* 573 F.3d 155, 162 (3d Cir.2009) ("We do presume that juries follow their instructions."). While the district court did not specifically refer to the field test that the Government had mentioned, the jury, in this relatively short and simple case, could easily make that connection based on its own recollection that, when the Government sought to introduce testimony about the field test, the district court sustained defense counsel's objection.

Thus, although the Government erred in referring in its closing argument to evidence that the district court had not admitted, Rose suffered no prejudice because the evidence in the record amply supported the Government's argument, the Government's error did not affect Rose's central contention—*i.e.,* that he had not possessed the relevant substance—and the district court's instruction admonished the jury not to consider the Government's erroneous reference. Under these circumstances, the Government's reference to the field test was neither "egregious error" nor "a manifest miscarriage of justice," and the Court's response to that reference did not impair "the fairness, integrity, or public reputation of judicial proceedings." Accordingly, we have no discretion to notice the error on review.[2]

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

**2.** Rose has also moved to dismiss appellate counsel and proceed *pro se,* arguing that counsel knowingly refused to include certain meritorious issues in the appellate briefs. We construe this as a claim for ineffective assistance of appellate counsel. Such a claim is generally inappropriate on direct appeal. *See United States v. Thornton,* 327 F.3d 268, 271–73 (3d Cir.2003). Accordingly, we will deny Rose's claim for ineffective assistance of appellate counsel without prejudice to his right to raise this claim on collateral attack.