**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-3458
_____

UNITED STATES OF AMERICA

v.

JAMAL TURNQUEST,
a/k/a POP
a/k/a P

JAMAL TURNQUEST,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-07-cr-00737-002
District Judge: The Honorable Eduardo C. Robreno

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 13, 2012

Before: SMITH and CHAGARES, *Circuit Judges*
ROSENTHAL, *District Judge*[*]

---

[*]  The Honorable Lee H. Rosenthal, District Judge for the United States District Court for the Southern District of Texas, sitting by designation.

(Filed: September 17, 2012)
_____

OPINION
_____

SMITH, *Circuit Judge.*

A jury convicted Jamal Turnquest of conspiracy to distribute cocaine, and the District Court sentenced him to 264 months imprisonment. Turnquest appeals his conviction and sentence. We will affirm.

I.

On August 6, 2008, Turnquest was indicted and charged with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) ("Count 1"). The government alleged that Kareem Smith was the head of a conspiracy to distribute cocaine and crack cocaine in parts of Philadelphia and Cecil County, Maryland from November 2002 through September 2007 (referred to in the Indictment as the Smith Crack Cocaine Gang or "SCCG")). It further alleged that Turnquest was a co-conspirator and principal manager of the SCCG.

On June 2, 2009, following a jury trial, Turnquest was convicted on Count 1. On July 8, 2009, Turnquest filed a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c). On March 10, 2010, the District Court denied Turnquest's motion.

On June 28, 2010, the District Court held a hearing to assist it in sentencing Turnquest and his co-defendants. At this hearing, the parties introduced evidence as to the applicability, if any, of sentencing enhancements.

On July 16, 2010, the District Court issued an order determining that Turnquest's base offense level under U.S.S.G. § 2D1.1(c)(1) (2008) was 38.[1] The Court further concluded that two enhancements were appropriate: +2 because the offense involved a dangerous weapon pursuant to § 2D1.1(b)(1); and +3 because he was a principal manager in the SCCG pursuant to § 3B1.1(b).[2] The Court further determined that Turnquest had no criminal history points. Thus, the District Court concluded that Turnquest had a total offense level of 43, a criminal history category of I, and a sentencing guidelines range of lifetime imprisonment.

On August 10, 2010, the District Court imposed a sentence on Turnquest of 264 months imprisonment to be followed by a 5-year period of supervised release, along with a $1,000 fine and a $100 special assessment.

---

[1] The District Court sentenced Turnquest under the 2008 version of the Sentencing Guidelines Manual. Thus, all references to the Guidelines Manual in this opinion are to the 2008 version.

[2] The only aspect of Turnquest's sentence that he is appealing is the District Court's determination that a principal manager enhancement was appropriate. Turnquest does not challenge the District Court's determination of his base offense level or that the offense involved a dangerous weapon.

Turnquest appealed his conviction and sentence.[3]

## II.

## A.

Turnquest argues that, although the evidence could lead a jury to conclude that he was often in the company of Smith and that he understood that Smith was engaging in illegal activities, the evidence was insufficient to prove that he joined the SCCG.

We review a challenge to the denial of a motion for judgment of acquittal de novo, viewing the evidence in the light most favorable to the government. *United States v. Flores*, 454 F.3d 149, 154 (3d Cir. 2006). We must sustain the verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). It is immaterial that the evidence also permits a "less sinister conclusion" because "the evidence need not be inconsistent with every conclusion save that of guilt." *United States v. Brodie*, 403 F.3d 123, 134 (3d Cir. 2005) (citation and quotation marks omitted). In sum, the verdict must stand unless the insufficiency of the evidence is clear. *United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002) (citation and quotation marks omitted).

---

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

The elements of a conspiracy charge under § 846 are: (1) a unity of purpose between the alleged conspirators; (2) an intent to achieve a common goal; and (3) an agreement to work together toward that goal. *See United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2008).

A reasonable jury could conclude that the evidence, viewed in the light most favorable to the government, sufficiently demonstrates Turnquest's participation in the SCCG. This evidence includes testimony by members of the SCCG that Turnquest: sold drugs for Smith (Supp. App. 105, 271-73, 278, 314); bagged crack for Smith (Supp. App. 100-02; 615); delivered crack to members of the SCCG (Supp. App. 282, 287, 373A-76A); was arrested at least three times for drug offenses that involved the SCCG (Supp. App. 284); and oversaw the SCCG's operations, including directing a member of the SCCG to: drive Turnquest to pick up crack, deliver drugs to buyers in exchange for money, and rent hotel rooms for the SCCG using money provided by Smith or Turnquest (Supp. App. 315-18, 327-30). Moreover, Smith testified that he and Turnquest were working together in the

cocaine business. Supp. App. 614, 624.[4] Based on this and other evidence, a reasonable jury could infer that Turnquest was a member of the SCCG.

Accordingly, the District Court did not err in denying Turnquest's Rule 29 motion for judgment of acquittal.

B.

Turnquest argues that, at sentencing, the District Court erred in determining that he was a manager of the SCCG and applying a three level enhancement to his offense level under U.S.S.G. § 3B1.1. We review the District Court's decision for clear error. *See United States v. Richards*, 674 F.3d 215, 222 (3d Cir. 2012) ("[W]here . . . sentencing adjustments require a district court to closely examine a set of facts and determine whether they fit within the definition of the adjustment before deciding whether to apply the adjustment, we should review that decision for clear error only."); *see, e.g.*, *United States v. Starnes*, 583 F.3d 196, 216-17 (3d Cir. 2009) (reviewing a district court's determination of the defendant's role under § 3B1.1 for clear error).

---

[4] Turnquest argues that he, like the defendant in *United States v. Pressler*, 256 F.3d 144 (3d Cir. 2001), never agreed to work with Smith or any other members of the SCCG to achieve a common goal or advance a common interest. However, *Pressler* is inapposite for primarily two reasons. First, the issue in *Pressler* was whether a conspiracy existed at all, not whether a particular individual was a member of a documented conspiracy. *See Id.* at 151. Second, the evidence demonstrates that Turnquest, unlike the defendant in *Pressler*, was so closely connected with the conspiracy that a reasonable jury could infer he shared a unity of purpose with — and joined — the SCCG with the intent to further its common goals.

Under § 3B1.1(b), sentencing courts may increase the defendant's offense level by three levels where "the defendant was a manager or supervisor . . . and the criminal activity involved five or more participants or was otherwise extensive." To qualify for the enhancement, the defendant must have managed or supervised at least one other participant in the illegal activity. *See* U.S.S.G. § 3B1.1 cmt. n.2. A "participant" is one who is criminally responsible for the offense, but that person need not have been convicted. *See id.* cmt. n.1. A manager or supervisor is one who "exercise[s] some degree of control over others involved in the offense." *United States v. Chau*, 293 F.3d 96, 103 (3d Cir. 2002) (quoting *United States v. Fuller*, 897 F.2d 1217, 1220 (1st Cir. 1990)).

Here, the District Court did not plainly err by determining that Turnquest was a manager or supervisor of the SCCG under § 3B1.1. Michael Martin, who was a member of the SCCG, testified at trial that Turnquest, *inter alia*, generally oversaw the SCCG's operations and directed him to: pick up drugs from suppliers, deliver drugs to buyers in exchange for money, and rent hotel rooms using money provided by Smith or Turnquest. *See* Supp. App. 315-18, 327-30. Similarly, Smith testified that Turnquest was his "right-hand man." *See* Supp. App. 614. Moreover, Turnquest does not challenge the District Court's determination that the SCCG had at least five participants. Thus, the District Court did not plainly err by

applying the enhancement.[5]

Accordingly, we will affirm.[6]

---

[5] Contrary to Turnquest's argument, the District Court's application of an enhancement under § 3B1.1 did not violate the rule set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Turnquest was convicted of violating 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), which carries a statutory maximum term of life imprisonment. *See* 21 U.S.C. § 841(b)(1). The District Court's application of the enhancement did not increase Turnquest's potential maximum sentence, and thus, *Apprendi* is inapposite.

[6] On July 20, 2011, Turnquest filed his briefing in this appeal through counsel. After the briefing was filed, new counsel — Patrick Connors — was appointed for Turnquest. On June 18, 2012, Turnquest filed a motion seeking the appointment of new counsel based on Connors' apparent refusal to include certain arguments that Turnquest had requested. We construe Turnquest's motion as one for ineffective assistance of appellate counsel. Such a claim, however, is generally inappropriate on direct appeal. *See United States v. Thornton*, 327 F.3d 268, 271-73 (3d Cir. 2003). Accordingly, we will deny Turnquest's claim for ineffective assistance of appellate counsel without prejudice to his right to raise this claim on collateral attack.