NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2577
_____

UNITED STATES OF AMERICA,

v.

JOHN O'DONNELL,

*Appellant*.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-18-cr-00080-001)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted under Third Circuit LAR 34.1(a)
April 24, 2020

Before:  PHIPPS, RENDELL, FISHER, *Circuit Judges*.

(Filed: May 7, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

In this appeal, John O'Donnell disputes the legitimacy of his own guilty plea in District Court for three child pornography-related charges for which he received a fifteen-year prison sentence. He contends that he felt "pressured to plead guilty by appointed counsel[,] and seeing no alternative, [he] entered his plea[] of guilty." O'Donnell Br. at 7. Under the terms of his plea agreement, O'Donnell can raise "a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law." App. at A-114. While this Court may be an appropriate forum for such a claim, O'Donnell's direct appeal, which rests solely on ineffective-assistance-of-counsel grounds, is not permitted at this time. Thus, in exercising jurisdiction over O'Donnell's timely appeal of his sentence,[1] we will affirm the judgment of conviction and sentence.

This Court does not typically evaluate claims of ineffective assistance of counsel on direct appeal. *See United States v. McLaughlin*, 386 F.3d 547, 555 (3d Cir. 2004) ("It is well settled in this court that Sixth Amendment ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668 (1984), are generally not entertained on a direct appeal." (parallel citations omitted)); *United States v. Thornton*, 327 F.3d 268, 271-

---

[1] Appellate jurisdiction exists as an appeal of a final judgment, *see* 28 U.S.C. § 1291, and as a challenge to a sentence as violating law, *see* 18 U.S.C. § 3742(a)(1). Because the eight-count indictment charged violations of federal statutes that prohibit, among other things, the production, distribution, and possession of child pornography, the District Court had original jurisdiction over this case. *See* 18 U.S.C. § 3231.

72 (3d Cir. 2003). Rather, collateral review often presents a more appropriate mechanism for addressing such challenges:

> [C]ollateral review allows for adequate factual development of the claim, especially because ineffective assistance claims frequently involve questions regarding conduct that occurred outside the purview of the district court and therefore can be resolved only after a factual development at an appropriate hearing.

*United States v. Morena*, 547 F.3d 191, 198 (3d Cir. 2008) (internal quotation marks omitted); *see also Gov't of V.I. v. Vanterpool*, 767 F.3d 157, 164 (3d Cir. 2014) (explaining the "general aversion to entertaining a claim for ineffective assistance on direct appeal is to (1) benefit from the trial court's fact finding; and (2) protect the defendant from prematurely bringing the claim, thereby sparing him from having res judicata attach to the ineffective assistance claim"). In the "uncommon case," however, the record may be developed sufficiently to allow evaluation of counsel's performance, so that resolving such a challenge on direct appeal may be "both feasible and efficient." *United States v. Washington*, 869 F.3d 193, 203 (3d Cir. 2017) (considering on direct appeal – and rejecting – an ineffective-assistance-of-counsel challenge to a jury instruction when the "development of the record amounted to, in effect, a mini collateral proceeding"); *see also United States v. Jones*, 336 F.3d 245, 252-55 (3d Cir. 2003) (considering on direct appeal – and rejecting – an ineffective-assistance-of-counsel challenge to a guilty plea where the District Court held a hearing "concerning the representation [the defendant] received from his prior counsel and the effect that representation may have had on the 'voluntariness' of his guilty plea").

3

Here, the record does not permit comprehensive consideration of O'Donnell's ineffective-assistance-of-counsel claim. To withdraw a guilty plea on ineffective-assistance-of-counsel grounds, a defendant must demonstrate that (i) "his attorney's advice was under all the circumstances unreasonable under prevailing professional norms," and (ii) he suffered "sufficient prejudice" from counsel's errors. *See Jones*, 336 F.3d at 253-54. The record for evaluating those considerations presently consists of O'Donnell's testimony at his change-of-plea hearing, transcripts of his earlier status conferences, and several filings (five *pro se* submissions and one counseled motion) attempting to withdraw the guilty plea.[2] In his own testimony at the change-of-plea hearing, O'Donnell admitted the Government's factual summary of his illegal conduct, and afterwards he swore that he was deciding to plead guilty voluntarily and on his own free will. O'Donnell further testified that he was completely satisfied with his attorney's advice and representation. In that same vein, at an earlier status conference, O'Donnell stated under oath that he had "resolved" his issues with his counsel and that he had an "understanding" with counsel "moving forward." Suppl. App. 10 (3:5-6).

For purposes of demonstrating ineffective assistance of counsel, O'Donnell may never overcome those aspects of his own testimony, but without a separate hearing or sworn testimony, the record does not lend itself well to evaluation of his counsel's advice and performance. *See McLaughlin*, 386 F.3d at 555-56 (declining to consider an

---

[2] O'Donnell has no right to litigate *pro se* while simultaneously being represented by counsel, *see McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984), and because he was represented by counsel at the time of his *pro se* filings, the District Court was under no obligation to consider those *pro se* filings.

ineffective-assistance-of-counsel claim on direct review and explaining that "[w]here a claim of ineffective assistance of counsel is based on attorney incompetence, the lack of a fully developed record often precludes a comprehensive inquiry into the elements of strategy or tactics that may have entered into defense counsel's challenged decision[s]"). Thus, without prejudice to O'Donnell's ability to collaterally challenge his guilty plea (in an appropriate forum, if otherwise permitted by law), we hold that he may not do so here.

For these reasons, we will affirm the District Court's judgment of conviction and sentence.