

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2006

# USA v. Clark

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2201

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Clark" (2006). *2006 Decisions.* Paper 1216.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1216

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2201

———

UNITED STATES OF AMERICA

v.

ANTOINE CLARK,
                                        Appellant

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. 04-cr-00168
District Judge:  The Honorable Donetta W. Ambrose

———

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2006

———

Before: McKEE, BARRY and VAN ANTWERPEN, <u>Circuit Judges</u>

———

(Opinion Filed: April 26, 2006)

———

OPINION

———

BARRY, <u>Circuit Judge</u>

Appellant Antoine Clark appeals the sentence imposed on his plea of guilty

pursuant to a plea agreement.  We will dismiss the appeal for lack of jurisdiction.

**I.**

Pittsburgh Housing Authority police officers arrested Clark on May 5, 2004. He was charged with aggravated assault, resisting arrest, recklessly endangering another person, violation of the Uniform Firearms Act, and possession with intent to deliver.[1] He was later charged in federal court with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) and 924(a)(2).

Clark's counsel and an Assistant United States Attorney ("AUSA") met to discuss a plea agreement. Subsequently, counsel sent a letter dated December 20, 2004 to the AUSA, which provided in pertinent part:

> We met previously and discussed the applicable sentencing guidelines. At that time, you indicated that you may forgo seeking a 2 point enhancement for Recklessness During Flight (USSG 3C1.2.) You did not indicated [sic] that the Government would seek any other enhancements. Accordingly, kindly set forth whether the Government does intend to seek an enhancement for Recklessness.

(SA15.) Counsel received no reply.

On January 27, 2005, Clark pled guilty. The plea agreement made no mention of any promise by the government not to seek one or more sentencing enhancements. It did, however, include a clause whereby Clark waived his right to appeal unless one of two exceptions, neither applicable here, was met. Thereafter, a presentence investigation report ("PSR") was prepared. The PSR included a four-level increase to Clark's base

---

[1] The possession with intent to deliver charge was later reduced to simple possession, a misdemeanor.

offense level pursuant to U.S.S.G. § 2K2.1(b)(5) because he used or possessed a firearm in connection with another felony.[2] His total offense level, after the appropriate reduction for acceptance of responsibility, was 25; his criminal history category was VI; and his guideline imprisonment range was 110 to 137 months, which, because of a statutory maximum of 10 years, became 110 to 120 months.

Clark objected to the four-level increase, relying on the negotiations between counsel and the A.U.S.A. prior to entering into the plea agreement.[3] The District Court was not persuaded, and sentenced him to 110 months in prison followed by three years of supervised release. He appeals.

## II.

Clark argues that counsel's letter of December 20, 2004 precluded the government from seeking the four-level increase under §2K2.1(b)(5). The government argues, in response, that the appeal must be dismissed because Clark waived his right to appeal. We agree with the government.

The pertinent part of the plea agreement provides that Clark waived

"the right to take a direct appeal from his conviction or sentence under 28

---

[2] Clark pointed the loaded weapon at the police when they attempted to arrest him.

[3] On appeal, "[Clark] does not challenge the factual basis of the plea or whether the underlying conduct was sufficient to support the Government seeking a four level increase pursuant to [U.S.S.G. §] 2K2.1(b)(5)." (Appellant's Br. at 9.) Moreover, Clark's counsel "stipulates that he did not specifically discuss the applicability of [§] 2K2.1(b)(5) and that it was not discussed on or off the record on January 27, 2005." (*Id.* at 10.)

3

U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

    (a)    If the United States appeals from the sentence, Antoine Clarke [sic] may take a direct appeal from the sentence.

    (b)    If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Antoine Clarke [sic] may take a direct appeal from the sentence."

(SA2.) A waiver of appeal, the validity of which is subject to *de novo* review, will be enforced provided it was "entered into knowingly and voluntarily, unless [it] work[s] a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 558, 560 (3d Cir. 2001).

Clark does not seriously contend that his waiver of appeal was unknowing or involuntary, and, at the change of plea hearing, he agreed that the government's summary of the plea agreement was accurate. Moreover, no miscarriage of justice will result from enforcing the waiver. There is nothing in the record that suggests that the government agreed not to seek the § 2K2.1(b)(5) enhancement, and the lack of a response to counsel's letter did not establish the existence of a promise.[4] Moreover, the plea agreement itself contains no mention of any such promise, and, at the change of plea hearing, Clark confirmed that no promises other than those memorialized in the plea agreement had been made to him. In any event, even if there had been a promise, it was not breached by the government given that no enhancement was sought by it.

---

[4] Indeed, counsel's description of his conversations with the AUSA confirm that no "hard and fast plea offer" was in place as of the date of the letter. (A47) They "were continuing to discuss the matters." (*Id.*)

4

Clark also argues that he received ineffective assistance of counsel, which can, in certain circumstances, serve as the basis for setting aside a valid plea. *United States v. Broce*, 488 U.S. 563, 574 (1989); *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). However, we have a "strong preference for reviewing allegations of ineffective assistance of counsel in collateral proceedings under 28 U.S.C. § 2255 rather than on direct appeal." *United States v. Sandini*, 888 F.2d 300, 312 (3d Cir. 1989). Clark contends that his counsel's objection to the four-level increase at the sentencing hearing "was, essentially, an oral motion pursuant to 28 U.S.C. [§] 2255 and is therefore [] before the Court for appellate review." (Appellant's Br. at 17)

Again, however, his waiver stands in the way, because he waived not just a direct appeal but "waive[d] the right to file a motion to vacate sentence, under 28 U.S.C. §2255 . . . ." (SA2). Clark does not claim that the waiver itself was the product of ineffectiveness, but only that counsel failed to ensure that the plea agreement included the government's promise not to seek additional enhancements. Even if we were to reach the ineffectiveness claim and were to assume that counsel's "acts or omissions were outside the wide range of professionally competent assistance," *see Strickland v. Washington*, 466 U.S. 668, 690 (1984), the government, as already discussed, made no such promise and never sought an enhancement. Therefore, Clark cannot establish prejudice. *See id.* at 692 ("[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.").

**III.**

For the foregoing reasons, the appeal will be dismissed for lack of jurisdiction.