**UNITED STATES of America**

**v.**

**Mark HOPSON, Appellant.**

**Nos. 06–3319, 06–3320.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 27, 2007.

Filed: Oct. 9, 2007.

Robert L. Eberhardt, Office of United States Attorney, Pittsburgh, PA, for United States of America.

James W. Kraus, Pietragallo, Bosick & Gordon, Pittsburgh, PA, for Appellant.

Before: McKEE, BARRY and FISHER, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

This case comes to us on appeal from the conviction and sentencing of Mark Hopson for conspiracy to distribute and possession with the intent to distribute more than five kilograms of cocaine base and conspiracy to launder monetary in-struments. Hopson alleges a number of errors by the District Court regarding both his plea of guilty and his sentence. However, none presents a legitimate basis for reversal. Therefore, and for the reasons stated below, we will affirm the conviction and judgment of sentence.

### I.

Because we write exclusively for the parties, who are familiar with the factual and legal history to this case, we will set forth only those facts necessary to our analysis. Hopson was charged by a multi-count indictment at No. 03–0151 with conspiracy to distribute and possess with intent to distribute 50 or more grams of crack cocaine in violation of 21 U.S.C. § 846 and with money laundering in violation of 18 U.S.C. §§ 2, 1956, and 1957. His mother, Sarah Hopson, was also indicted for money laundering. Following the indictment, but prior to the date set for trial, a second indictment was returned at No. 05–042 charging Hopson with tampering with a witness by the use of physical force in violation of 18 U.S.C. § 1512(a)(2)(B)(i).

Following a number of delays in scheduling, due in part to the appointment and subsequent withdrawal of two appointed attorneys, the drug and money laundering charges at No. 03–0151 were scheduled to be heard by a jury on April 7, 2005. On April 8, 2005, after a jury had been chosen, Sarah Hopson changed her plea to guilty. Later the same day, Hopson changed his plea to guilty. At the change of plea hearing, Hopson properly answered each question put to him by the District Court. In addition, he stated that he had not taken medication or drugs or drank any alcoholic beverages, nor had he been under the care of a psychiatrist. Both his counsel and the Assistant United States Attorney stated that they had no doubt as to

Hopson's competence to plead guilty. The District Court agreed, finding nothing in Hopson's behavior that would indicate his plea was anything but knowing and voluntary.

On July 22, 2005, the District Court held a status conference, at which time Hopson's counsel indicated that Hopson intended to file a motion to withdraw his guilty plea based on evidence that Hopson was incompetent to plead guilty on April 8, 2005. He did so formally on August 17, 2005. The District Court set the hearing on the motion for December 8, 2005, so that Hopson's counsel could gather information regarding Hopson's alleged mental incompetence at the time of his change of plea hearing. At the December 8 hearing, Hopson's counsel indicated that he had had only a limited time to review a report prepared by the prison psychiatrist indicating that Hopson was bi-polar and would need more time to prepare reports proving that Hopson was incompetent to plead guilty on April 8. Therefore, the District Court granted a continuance, but warned Hopson and his counsel that no more continuances would be granted.

The final hearing was held on March 9, 2006, approximately seven months after Hopson had initially filed the motion to withdraw. At that time, Hopson presented no psychiatric evidence that he was incompetent at the time of his plea agreement. In addition, while Hopson denied the charges against him, his attorney pointed to no specific evidence indicating that his client was innocent, other than an allegation that the voice on a tape the Government prepared to introduce into evidence regarding a drug transaction was not, in fact, Hopson's. Hopson did not take the stand to testify to such, but merely denied the Government's allegations.

The District Court held a sentencing hearing on June 13, 2006, at which time Hopson also pleaded guilty to the witness tampering charges set forth at No. 05–042. After finding that Hopson was responsible for 1.5 kilograms of cocaine base, that he used a dangerous weapon in connection with a narcotics offense, and that Hopson was a career offender pursuant to United States Sentencing Guidelines § 4B1.1, the District Court sentenced him to 360 months on the charges set forth at No. 03–0151, to run concurrently with the sentence for the charges at No. 05–042.

This timely appeal followed.

## II.

The District Court retained jurisdiction over this criminal case pursuant to 18 U.S.C. § 3231. We have jurisdiction over the final judgment of conviction and sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). We review a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Isaac,* 141 F.3d 477, 485 (3d Cir.1998). A district court's interpretation of the Guidelines is a legal question we review *de novo*, while we review its factual findings for clear error. *United States v. Grier,* 475 F.3d 556, 570 (3d Cir.2007) (*en banc*) (internal citations omitted).

## III.

On appeal, Hopson claims both that the District Court erred when it refused to grant his motion to withdraw his guilty plea and in the calculation of his sentence. We will address each claim in turn.

## A.

■ Hopson's first claim is that the District Court erred by refusing to grant his motion to withdraw his guilty plea. He argues that he was mentally incompetent at the time he entered his plea and that he

is actually innocent of the charges. Under Federal Rule of Criminal Procedure 11(d), a district court may allow a defendant to withdraw his guilty plea prior to sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d). A defendant may not withdraw his guilty plea on a whim, but rather bears a substantial burden. *United States v. Brown,* 250 F.3d 811, 815 (3d Cir.2001). When considering a defendant's motion, a district court should balance three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones,* 336 F.3d 245, 252 (3d Cir.2003) (citing *Brown,* 250 F.3d at 815).

Under the first factor a defendant must do more than baldly assert his innocence. *Id.* at 252. Rather, the assertion of innocence "must be buttressed by facts in the record that support a claimed defense." *Brown,* 250 F.3d at 818 (internal quotation marks and citations omitted). In the case before us, Hopson made only blanket assertions of innocence. While he made the specific claim that the voice on the tapes to be presented by the Government was not his, he put no evidence on the record—testimonial or documentary—to support that assertion. Neither could he provide any facts that would contradict the testimony of the witnesses that the Government intended to present nor any explanation of where he was earning the large quantities of money he spent on his house and automobiles. In short, as in *Jones,* Hopson made only blanket assertions of innocence without submitting any proof. *Jones,* 336 F.3d at 252–53.

Hopson also failed to carry his burden on the second factor—the strength of the defendant's reasons for withdrawing the plea. *Id.* at 252. At the March 9 hearing, Hopson claimed that he was withdrawing his plea because he had been mentally incompetent at his initial change of plea hearing. It is well established that pleas are only valid if made knowingly and voluntarily. *United States v. Schweitzer,* 454 F.3d 197, 202 (3d Cir.2006); *see also* Fed. R.Crim.P. 11. Therefore, if Hopson could present evidence that his mental state on the day of his plea hearing prevented him from knowingly and voluntarily changing his plea, he would have presented a strong reason for withdrawing that plea. However, aside from a report from the prison psychiatrist stating that Hopson was being treated with medication for a psychiatric problem, Hopson presented no evidence that indicated that he was incompetent to plead guilty on April 8, 2005. He presented no witnesses as to his mental state on the day, nor did he testify himself. What was on the record was the affirmations of both counsel on the day of the plea hearing that Hopson was competent to plead guilty and the District Court's own observations that Hopson was competent to plead.

Hopson argues that, had the District Court given him more time, he would have been able to acquire a retrospective psychiatric report that would indicate he was incompetent to plead guilty. However, Hopson had approximately eight months between the time he first made his motion to withdraw his plea in August and the hearing in March, including a three-month continuance granted by the District Court to obtain the necessary psychiatric testimony. We find that the District Court did not abuse its discretion when it refused to give Hopson a third continuance to obtain the required testimony. *See United States v. Irizarry,* 341 F.3d 273, 305 (3d Cir.2003) (stating that denial of a continuance is only an abuse of discretion when it is so arbi-

trary as to violate due process).[1] With no evidence that he was mentally incompetent on the day he entered his guilty plea, Hopson has failed to carry his burden on the second factor as well.

The District Court stated that the third factor, prejudice to the Government, played little part in its determination. As Hopson failed to carry his burden on both the first and second factors for the withdrawal of a guilty plea, we also see no need to address the third factor in depth. Based on the fact that Hopson could present no facts that indicated his actual innocence and his failure to present testimonial evidence regarding his incompetence on the day he pleaded guilty, we find that the District Court did not abuse its discretion when it denied Hopson's motion to withdraw his guilty plea.

### B.

■ Hopson next contends that the District Court improperly calculated his advisory Guidelines range. When determining a defendant's sentence post-*Booker*, a district court must (1) correctly calculate the defendant's advisory Guidelines range, (2) rule on any motions for departures, and, then, (3) exercise its discretion by considering the factors set forth at 18 U.S.C. § 3553(a). *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir.2006) (internal citations omitted). Because a district court cannot properly consider the relevant § 3553(a) factors if it improperly calculates the Guidelines, failure to properly calculate the Guidelines at step one generally requires reversal. *United States v. Jackson*, 467 F.3d 834, 838–39 (3d Cir.2006).

Hopson argues, first, that the District Court improperly determined that he was a career offender. Pursuant to § 4B1.1 of the Guidelines, if a defendant has convictions for at least two prior felony controlled substance offenses, he is considered a career offender and subject to enhanced penalties. Hopson does not dispute that he has two prior drug felonies, but rather argues that one of them was not serious. However, the seriousness of a drug felony is of no matter to the career offender determination. The Guideline is triggered by any two drug felonies, regardless of their seriousness.[2] Therefore, we find no

1. Hopson now argues that his counsel was ineffective by failing to get the required psychiatric testimony. However, we will not entertain a defendant's claim of ineffective assistance of counsel on direct review except in the rare case where "trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal." *Massaro v. United States*, 538 U.S. 500, 508, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). In all other instances, we lack a fully developed record to consider both whether counsel was ineffective and whether that ineffectiveness affected the proceedings. *United States v. Thornton*, 327 F.3d 268, 271–72 (3d Cir.2003). We do not find that this is a case where the ineffective assistance of counsel is so obvious and the record so thoroughly developed that we can effectively review Hopson's claim. Therefore, we will deny Hopson's claim of ineffective assistance of counsel without prejudice to his

right to raise the issue in a collateral attack pursuant to 28 U.S.C. § 2255.

2. Hopson's arguments regarding the Government's amended indictment are also unavailing. As part of its plea agreement with Hopson, the Government filed an amended indictment. Unlike the first indictment, which had included both of Hopson's prior drug convictions, the second indictment included only one. The changed indictment prevented Hopson from being sentenced to a mandatory term of imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). The Government's choice not to include Hopson's second drug conviction in the amended indictment did not prevent the District Court from considering it at sentencing. *See Almendarez–Torres v. United States*, 523 U.S. 224, 244–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

error in the District Court's determination that Hopson was a career offender.

◼ Similarly, we find no error in the District Court's calculation of Hopson's criminal history. Hopson argues that the District Court improperly assigned him one criminal history point each for two convictions under the laws of the Commonwealth of Pennsylvania for harassment. He claims that these offenses should have been excluded as they are merely "disorderly conduct," which is not to be considered pursuant to Guidelines § 4A1.2. However, Hopson's argument is precluded by our decision in *United States v. Elmore*, 108 F.3d 23 (3d Cir.1997), which held that criminal history points may be assessed for harassment convictions under Pennsylvania law. *Id.* at 26–27.

We find the remainder of Hopson's arguments to be without merit. Therefore, and for the reasons set forth above, we will affirm Hopson's conviction and the District Court's judgment of sentence.