

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2008

# USA v. Chamberlain

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1290

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Chamberlain" (2008). *2008 Decisions.* Paper 793.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/793

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1290
_____

UNITED STATES OF AMERICA

v.

BYRON CHAMBERLAIN,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cr-0399)
District Judge: Honorable Gene E.K. Pratter
_____

Submitted Under Third Circuit LAR 34.1(a)
June 6, 2008

Before: FISHER, JORDAN, and VAN ANTWERPEN, *Circuit Judges*
_____

(Filed: July 25, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, Circuit Judge

Byron Chamberlain appeals his sentence, imposed pursuant to the Armed Career

Criminal Act ("ACCA"), 18 U.S.C. § 924(e), for violations of that Act and 18 U.S.C.

§ 922(g)(1), which prohibits convicted felons from carrying firearms. He asserts that the District Court erred in applying the ACCA at sentencing because one of his prior state drug convictions did not qualify as an ACCA predicate offense. He further asserts that his sentence should be vacated because the Fifth and Sixth Amendments require that his predicate offenses be charged in the indictment and proved to a jury beyond a reasonable doubt. We will affirm the District Court's judgment of sentence.[1]

## I. Background

On June 13, 2006, Chamberlain was convicted by a jury for possession of a firearm by a convicted felon. His conviction stemmed from an incident on October 22, 2004, when Philadelphia police officers arrested him for carrying a loaded twelve gauge shotgun in a city park. On January 29, 2007, the District Court imposed the mandatory minimum sentence required by the ACCA, sentencing Chamberlain to fifteen years' imprisonment, three years' supervised release, and a $100 special assessment fee.

## II. Discussion

The ACCA applies to recidivists with three or more prior convictions for violent felonies or "serious drug [offenses]." 18 U.S.C. § 924(e)(1). A serious drug offense is

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to both 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review over Chamberlain's claim that he was not subject to the ACCA. *United States v. Jones*, 332 F.3d 688, 690-91 (3d Cir. 2003). We also exercise plenary review over his claim that the failure to charge his predicate offenses in the indictment and prove them to the jury violated his Fifth and Sixth Amendment rights. *United States v. Williams*, 235 F.3d 858, 861 (3d Cir. 2000).

defined as including "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ... for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The District Court applied the ACCA during Chamberlain's sentencing because he had previously pleaded guilty to three felony drug convictions. Those convictions arose from incidents of drug possession and distribution that took place on September 7, 1993 (the "September offense"), February 25, 1994 (the "February offense"); and April 27, 1994 (the "April offense").

On appeal, Chamberlain acknowledges that his convictions for the February and April offenses are ACCA predicate offenses because each of those convictions exposed him to a punishment of ten years or more. He claims, however, that the government cannot show that his conviction stemming from the September offense exposed him to a minimum ten-year sentence and that, as a result, he lacks the three convictions necessary to enhance his sentence under the ACCA.

The charging document for the September offense indicates that Chamberlain was charged with–and pleaded guilty to–a violation of 35 Pa. Cons. Stat. § 780-113(a)(30) (2005) which proscribes "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance." The same document also lists the controlled substance at issue as "cocaine, marihuana." (App. at 36.) With certain exceptions not relevant here, Pennsylvania law punishes a conviction for possession with

3

the intent to distribute marijuana with a maximum of five years imprisonment, and punishes a conviction for possession with the intent to distribute cocaine with a maximum of ten years imprisonment. 35 Pa. Cons. Stat. Ann. §§ 780-113(f)(1.1) and (2).

Relying on the differing potential penalties imposed under Pennsylvania law for possession with the intent to distribute marijuana and for possession with intent to distribute cocaine, Chamberlain argues that because the charging document for the September offense lists both cocaine and marijuana, he might have pleaded guilty to possession with intent to distribute only marijuana, not cocaine. Therefore, he argues, because a marijuana conviction does not carry a possible ten-year sentence, his conviction for the September offense cannot be an ACCA predicate offense, and the District Court erred by applying an enhanced sentence.

Chamberlain's argument does not withstand scrutiny. In analyzing when a prior conviction may serve as an ACCA predicate offense, the permissible evidentiary scope is limited. Trial courts should "look only to the fact of conviction and the statutory definition of a prior offense" in determining whether an offense constitutes an ACCA predicate. *Taylor v. United States*, 495 U.S. 575, 602 (1990). In addition, the trial court may also rely on "the terms of the charging document ... or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant or ... some comparable record of [the same] information." *Shepard v. United States,* 544 U.S. 13, 26 (2005).

Here, the plea colloquy between Chamberlain and the Pennsylvania sentencing court regarding the September offense makes clear that, as a result of that offense, Chamberlain faced a maximum sentence of ten years' imprisonment. During that colloquy, the prosecutor expressly told Chamberlain that his maximum term of imprisonment for the September offense was ten years. When asked in the presence of the court whether he understood that potential sentence, Chamberlain replied in the affirmative. In addition, Chamberlain admitted during the colloquy that, as part of the September offense, he possessed nearly three grams of cocaine divided into sixty-two individual packets. Thus, Chamberlain's plea colloquy was one "in which the factual basis for the plea was confirmed by the defendant." *Id.* Thus, his attempt to manufacture an ambiguity based on the charging document for the September offense fails.

Chamberlain next argues that his Fifth and Sixth Amendment rights were violated because none of his predicate offenses were charged in the indictment or proven to a jury beyond a reasonable doubt. He seems to recognize, however, that his position is contrary to precedent (Appellant's Brief at 32), and we reject his argument. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (explaining that "[o]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt") (emphasis added); *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998) (rejecting claim that "recidivism must be treated as an element of [an] offense"); *United States v.*

5

*Thornton,* 327 F.3d 268, 273 (3d Cir. 2003) (rejecting claim that characterization of armed career criminal should be treated as element of an offense).

*III.    Conclusion*

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.