NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3075
_____

UNITED STATES OF AMERICA

v.

MARK PEIRITSCH,
                                        Appellant.
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(Criminal No. 2-09-cr-00310-001)
District Judge: Honorable Terrence F. McVerry
_____

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2012

Before:  RENDELL, FUENTES and HARDIMAN, *Circuit Judges*

(Opinion Filed : June 28, 2012 )
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*.

The appellant, Mark Peiritsch, appeals from the judgment imposed by the

United States District Court for the Western District of Pennsylvania, claiming

ineffective assistance of counsel.  We conclude that Peiritsch's claim is not

properly raised on direct appeal. We therefore deny Peiritsch's claim without prejudice to his right to raise a claim on collateral attack under 28 U.S.C. § 2255.

## I.

Because we write primarily for the parties, we set forth only the facts and history relevant to our conclusion.

In June 2009, upon discovering that Peiritsch was sharing child pornography over the Internet, the Pennsylvania State Police executed a search warrant at Peiritsch's residence. A forensic analysis of several electronic devices revealed a large collection of child pornography, approximating several terabytes of data. During the search, Peiritsch consented to an interview and admitted to downloading child pornography for sexual gratification. He further admitted that he understood how file-sharing software worked. On November 17, 2009, a federal grand jury in the Western District of Pennsylvania returned an indictment charging Peiritsch with one count of possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B). Peiritsch ultimately pleaded guilty to the indictment.

Under the Sentencing Guidelines, Peiritsch's base offense level was 18. U.S.S.G. § 2G2.2(a)(1). With the applicable § 2G2.2 sentencing enhancements, however, his offense level increased to 33. The fifteen levels of enhancements included two levels for material involving prepubescent minors or minors under age twelve (§ 2G2.2(b)(2)); two levels for distributing material (§ 2G2.2(b)(3)(F)); four levels for material portraying sadistic or masochistic conduct, or other

depictions of violence (§ 2G2.2(b)(4)); two levels for the use of a computer (§ 2G2.2(b)(6)); and five levels for possessing more than six hundred images of child pornography (§ 2G2.2(b)(7)(D)). After a three-level downward adjustment for acceptance of responsibility, Peiritsch's offense level was 30, resulting in an advisory Guidelines range of 97-121 months' imprisonment.[1]

Prior to sentencing, Peiritsch's counsel submitted a memorandum to the District Court asking it to exercise its discretion by disregarding the § 2G2.2 sentencing enhancements in light of this Court's decision in *United States v. Grober*, 624 F.3d 592 (3d Cir. 2010), which held that a district court may refuse to apply the enhancements if it disagrees with the policy embodied in that section. The District Court denied this request, but granted the equivalent of a six-level variance. Ultimately, Peiritsch was sentenced to 51 months' incarceration. This appeal followed.[2]

## II.

Peiritsch's sole argument on appeal is that his trial counsel was ineffective for failing to object to the application of the § 2G2.2 sentencing enhancements to his sentence. He maintains that this failure significantly increased the applicable Guidelines range.

---

[1] Because Peiritsch faced a statutory maximum term of ten years' imprisonment, the upper end of his advisory range was capped at 120 months. *See* U.S.S.G. § 5G1.1(c)(1).

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. §1291.

However, subject to certain narrow exceptions, it is well settled that we do not entertain claims of ineffective assistance of counsel on direct appeal. *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 371 (3d Cir. 2010) (citing *United States v. McLaughlin*, 386 F.3d 547, 555 (3d Cir. 2004)). "The rationale underlying this preferred policy is that oft-times such claims involve allegations and evidence that are either absent from or not readily apparent on the record." *United States v. Gambino*, 788 F.2d 938, 950 (3d Cir. 1986). Thus, unless the record is sufficient to allow determination of the issue, the proper avenue for relief is on collateral appeal. *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003).

Peiritsch does not contend, nor do we find, that this case falls within the narrow exception to our standard practice. We will therefore dismiss his claim without prejudice to his right to assert it on collateral attack under 28 U.S.C. § 2255. *See Gov't of Virgin Islands*, 620 F.3d at 372.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.

4