**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-4508

_____

UNITED STATES OF AMERICA

v.

LORD BEYAH, a/k/a Chance Burgess, a/k/a Tariq

Lord Beyah,
                              Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 11-cr-00402-001)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Under Third Circuit LAR 34.1(a)
September 14, 2012

_____

Before: SCIRICA, ROTH and BARRY, Circuit Judges

(Opinion Filed:  September 28, 2012)

_____

OPINION

_____

BARRY, Circuit Judge

        Appellant Lord Beyah ("Beyah") appeals the judgment of the District Court

sentencing him to 235 months' imprisonment for robbery of a post-office. His counsel, Christopher O'Malley, has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no non-frivolous issues for appeal. We will grant the motion to withdraw and affirm the judgment of sentence.

## I.

On July 14, 2010, Beyah entered a post office in Mizpah, New Jersey. He leapt over the counter, confronted the lone post office employee (a female victim, C.D.) with a knife, and demanded money. When C.D. attempted to flee, Beyah caught her and forcibly dragged her back to the post office by her hair. A struggle ensued, during which C.D. managed to grab the knife blade, separate it from the handle, and stab Beyah in his leg. In the process, however, C.D. cut her hand badly and suffered permanent injuries as a result. Beyah then fled with less than $100 in cash from the post office. A subsequent investigation linked him to the crime through DNA evidence. He was ultimately apprehended and gave a written confession to the robbery.

Beyah waived indictment and, pursuant to a plea agreement, pleaded guilty to a one-count information charging him with assault of a postal employee during a robbery in violation of 18 U.S.C. § 2114(a). As part of the plea agreement, the parties stipulated that (1) Beyah qualified as a career offender, and (2) the total offense level, after a three point reduction for acceptance of responsibility, was 31. The parties also waived the right to file any appeal challenging a sentence that was within the guideline range that resulted

2

from this agreed offense level.

The case proceeded to sentencing on December 2, 2011. The District Court calculated a guideline range of 188 to 235 months. The Court heard from the husband of the victim, who attested to the physical and psychological harm C.D. had suffered as a result of the attack. The Court ultimately sentenced Beyah to the top of the guideline range, 235 months, considering the violent and heinous nature of the crime, and Beyah's extensive criminal history. Beyah timely filed a pro se appeal and brief.

## II.

Under *Anders v. California*, if appellate counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. 738, 744 (1967). "The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). With respect to the first requirement:

> The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous. Counsel need not raise and reject every possible claim. However, at a minimum, he or she must meet the "conscientious examination" standard . . . .

*Id*. With respect to our independent review of the record for non-frivolous issues, we

3

generally confine our scrutiny to those portions of the record identified by an adequate *Anders* brief, and the appellant's *pro se* filings. *See id.* at 301.

Reviewing the *Anders* brief together with the record, we conclude that counsel has satisfied his obligation to conduct a "conscientious examination" of the case. Likewise, our own independent analysis of the record reveals no error in Beyah's guilty plea or sentence. The District Court ensured that Beyah's guilty plea (including the waiver of appellate rights) was knowing and voluntary, and thoroughly complied with the requirements of Federal Rule of Criminal Procedure 11 during the plea colloquy. There are no appealable issues with respect to Beyah's sentence because he agreed to the guideline calculation used by the Court, and further agreed that a sentence within the guideline range for the stipulated offense level was reasonable. Beyah waived his right to appeal a sentence within that range. Even if he had not waived his right to appeal, however, a challenge to the sentence would still be frivolous because there was no error in the sentencing procedure followed, and the sentence is substantively reasonable in light of the nature of the offense, and the need for deterrence given Beyah's extensive and troubling criminal history.

The specific arguments raised in Beyah's *pro se* brief are patently without merit. First, Beyah challenges his classification as a career offender and argues that the District Court should have departed downward from the career offender range. But Beyah explicitly consented to that classification in his plea agreement, and promised not to argue

4

for a departure or variance at sentencing. During the sentencing, he also personally admitted to each of the elements of career offender status, including three prior drug convictions. Second, Beyah argues that his trial counsel was ineffective for various reasons. Ineffective assistance of counsel claims, however, are generally improper on direct appeal, especially where (as here) an evidentiary hearing would be necessary to evaluate the merits of the claim. *See, e.g., United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003). In any case, his primary contention—that defense counsel promised him his federal sentence would run concurrently with a previously-imposed state sentence—is undermined by the plea colloquy, during which he stated under oath that no one had promised him a specific sentence. In sum, neither Beyah's brief nor our own review of the record reveals any non-frivolous issue for appeal.

### III.

For the foregoing reasons, we will affirm the judgment of sentence. We also find, pursuant to Third Circuit L.A.R. 109.2(b), that the issues presented in this appeal lack legal merit for purposes of counsel filing a petition for writ of certiorari in the Supreme Court of the United States.