NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-1767

———————

UNITED STATES OF AMERICA

v.

GLENN EDWARDS,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cr-00223-001)
District Judge: Honorable Cynthia M. Rufe

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
October 11, 2017

Before: HARDIMAN, SHWARTZ, AND ROTH, *Circuit Judges*.

(Opinion Filed:  November 30, 2017)

———————

OPINION*

———————

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Glenn Edwards appeals his judgment of conviction following a jury trial at which he was found guilty on four counts involving marijuana trafficking and a stolen handgun. According to Edwards, the District Court erred when it denied: (1) his motion to suppress evidence he claims was gathered in violation of his Fourth Amendment rights; and (2) his motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure.[1] We will affirm.

I[2]

In the course of its investigation of marijuana trafficking in Philadelphia, law enforcement officers obtained a warrant to search Edwards's home. The warrant was executed on August 16, 2013 and a search of the home's small basement yielded 16 pounds of marijuana, a loaded Colt .45 caliber semi-automatic handgun, and more than $16,500 in cash. The warrant was based in substantial part on information law enforcement obtained by pulling Edwards's trash on July 11, July 25, and August 15, 2013. Edwards claims that those three trash pulls violated his Fourth Amendment rights.

There is little dispute between Edwards and the Government as to the precedents governing this issue. Most pertinent is the Supreme Court's decision in *California v.*

---

[1] He also contends that his counsel provided ineffective assistance.
[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

*Greenwood*, where the Court held that a warrant is not required to search the trash left outside the curtilage of a home. 486 U.S. 35, 40–42 (1988).

In light of *Greenwood*, Edwards is constrained to argue that the three seizures of his trash occurred within the curtilage of his home. The problem for Edwards is that the District Court—after conducting a hearing to address this very issue—found to the contrary. Our review of the record leads us to conclude that this critical factual finding was well-supported by the record, so there was no error at all, much less clear error. Accordingly, there was no Fourth Amendment violation and the District Court did not err when it denied Edwards's motion to suppress the evidence collected during the execution of the search warrant.[3]

II

Edwards next argues that the District Court abused its discretion when it denied his Rule 33 motion for a new trial as to his conviction on Count 3 (for violating 18 U.S.C. § 924(c)). Although Edwards acknowledges that the search of his home yielded a loaded handgun, 16 pounds of marijuana, and over $16,500 in cash, he argues that the evidence

---

[3] Edwards also argues that his counsel was ineffective for failing to argue that the warrant was stale. While we normally do not address claims of ineffectiveness on direct appeal, we can do so here because the record is sufficient for us to review the claim. *See United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). The record shows that the claim lacks merit as Edwards's counsel in fact raised a staleness argument. Even if his counsel had failed to pursue that argument, Edwards would not be prejudiced because the argument was meritless; the warrant contained fresh information that was lawfully collected through the search of his trash. And a July 19, 2013, interview with Dudney also yielded fresh information to support the warrant.

at trial was insufficient to prove beyond a reasonable doubt that he possessed the firearm *in furtherance of* a drug trafficking crime.

Edwards relies principally on the trial testimony of Barrington Dudney, who testified for the Government after he was apprehended for marijuana trafficking. Dudney's testimony supports Edwards's argument in some respects. For example, Dudney testified that Edwards told him that he had the gun "to protect his business." App. 46. Dudney said that Edwards owned a garage, but did not mention marijuana or having the gun in connection with marijuana.

For its part, the Government acknowledges that possession of the gun alone is insufficient because it "must show that the firearm was possessed by the defendant to advance or promote criminal activity." *United States v. Bobb*, 471 F.3d 491, 496 (3d Cir. 2006). Here, the loaded handgun (which was later determined to be stolen) and $16,500 in cash were found in a basement "man cave" where Edwards was living. Supp. App. 31–34. Also found in the 144-square-foot basement was a duffel bag containing 16 pounds of marijuana. Additionally, the Government offered expert testimony from federal agent David Pedrini, who opined that the presence of a large sum of cash and a gun was consistent with drug trafficking.

In addition to this circumstantial evidence and expert opinion, some of Dudney's testimony supported the Government's case. After he offered the testimony favorable to Edwards (noted above), Dudney was confronted with his prior grand jury testimony— that he confirmed was "accurate"—in which he had testified that Edwards told him he

4

carried a gun "for protection," and "somebody had some argument about marijuana so [Edwards] was watching his back." App. 49. Dudney admitted that he knew Edwards sold marijuana and he had seen Edwards carry a gun in a shoulder bag. Dudney also testified that he had seen bulk quantities of marijuana each of the five times he visited Edwards's home in 2013 and he saw a .45 caliber gun in Edwards's basement.

Based on these facts, the jury was free to conclude that Edwards possessed a gun in furtherance of his drug trafficking crime and the District Court did not abuse its discretion when it denied Edwards's Rule 33 motion for a new trial.[4]

\*             \*             \*

For the reasons stated, we will affirm the judgment of the District Court.

---

[4] Edwards also asserts that his counsel was ineffective for failing to move for a judgment of acquittal on this count based on the same grounds—that the evidence was insufficient to support this conviction. Again, while we normally do not consider ineffective assistance claims on direct appeal, we can do so here because, even if counsel were deficient in failing to make such a motion (which he was not), Edwards was not prejudiced because the evidence supports his conviction and such a motion would have been meritless.