**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19–2299
_____

UNITED STATES OF AMERICA

v.

DAELON HILL-JOHNSON,

Appellant

_____

On Appeal from the United States District Court for the
Western District of Pennsylvania
(District Court No.:  2-17-cr-00226-001)
District Court Judge:  Honorable Arthur J. Schwab

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on February 4, 2020.

(Filed: April 1, 2020)


Before:  SHWARTZ, SCIRICA, and RENDELL, Circuit Judges.

## O P I N I O N*

**RENDELL**, <u>Circuit Judge</u>.

Appellant Daelon Hill-Johnson pleaded guilty to possession of fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). After pleading guilty, Hill-Johnson filed multiple motions to withdraw his plea. The District Court denied each of Hill-Johnson's motions. For the reasons discussed below, we will affirm.

## I.[1]

In April 2017, Hill-Johnson was the target of an attempted "bust/buy" operation in which undercover state law enforcement officers arranged to purchase narcotics from Hill-Johnson. The undercover officers planned to and did meet with Hill-Johnson in a public place. The officers went to the designated meeting place, parked their car, and contacted Hill-Johnson. The officers saw Hill-Johnson hang up his cell phone, walk toward their undercover vehicle, and attempt to open the passenger door. "Take down" units then moved in and Hill-Johnson fled. Officers observed him throw a block of heroin and saw a gun fall from his waistband. When Hill-Johnson was apprehended,

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because we write for the parties, who are familiar with the facts and the procedural posture to date, we only include what is necessary to explain our decision.

officers also recovered a second bundle of heroin, nine hundred dollars, a small amount of crack cocaine, and a small amount of marijuana. The heroin recovered from Hill-Johnson was tested and was found to contain fentanyl.

Hill-Johnson was indicted and charged with possession of fentanyl with intent to distribute and with possession of a firearm in furtherance of a drug-trafficking crime. Hill-Johnson later appeared before the District Court for a status conference. Hill-Johnson informed the court that he disagreed with the Government about the weight of the recovered fentanyl. Hill-Johnson contended that the weight of the drugs was under four grams rather than the Government's calculation of 12.35 grams. The District Court responded by proposing that the Government retrieve the fentanyl, "bring a scale in here and put it on the bench and put the drugs on it." App. 34-35.

After a recess, the Government stipulated that the weight of the fentanyl was under four grams. Hill-Johnson then entered guilty pleas to both counts of the indictment. District Court engaged in a colloquy with Hill-Johnson, in which Hill-Johnson indicated that he was competent, that he understood the charges against him, that his decision to plead guilty was voluntary, and that he understood the rights he was waiving by pleading guilty. Hill-Johnson was informed of the elements of the offenses he pleaded guilty to, and the Government gave a summary of the evidence that it would offer at trial. Hill-Johnson stated that he agreed with the Government's summary of his conduct. Hill-Johnson advised the court that he was satisfied with his counsel's representation.

After pleading guilty but before sentencing, Hill-Johnson filed a counseled motion to withdraw his guilty plea. The District Court denied the motion, stating that Hill-

Johnson had not shown a fair and just reason for requesting the withdrawal. Hill-Johnson filed a *pro se* motion for reconsideration of the order denying his motion to withdraw his guilty plea. In that motion, Hill-Johnson asserted that he told his counsel that he was innocent and that he only pleaded guilty because his counsel told him it was in his best interest. Hill-Johnson also asserted that he had not been provided with all relevant discovery at the time of his plea agreement. The District Court denied reconsideration, stating that Hill-Johnson's motion did not meet the standard for motions for reconsideration.

Hill-Johnson later filed a new *pro se* motion to withdraw his guilty plea. Hill-Johnson argued that officers lacked probable cause to arrest him. Hill-Johnson also accused his counsel of ineffectiveness for not raising this argument on his behalf, among other reasons. The District Court denied this motion in a text order for the reasons set forth in its order denying Hill-Johnson's first motion to withdraw his guilty plea.

Hill-Johnson filed subsequent *pro se* motions to withdraw his guilty plea and for reconsideration. The District Court struck his motion to withdraw his guilty plea as moot as it had already denied Hill-Johnson's prior motions and denied his motion for reconsideration.

Hill-Johnson was sentenced to 70 months' imprisonment and three years of supervised release.

4

## II.[2]

### A.

We review the District Court's denials of Hill-Johnson's motions to withdraw his guilty plea for abuse of discretion. *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011). Similarly, we review the District Court's denials of Hill-Johnson's motions for reconsideration for abuse of discretion. *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010). The court "will not disturb [a District Court's] exercise of discretion unless 'no reasonable person would adopt the district court's view.'" *United States v. James*, 928 F.3d 247, 253 (3d Cir. 2019) (quoting *United States v. Steiner*, 847 F.3d 103, 110 (3d Cir. 2017)).

### B.

Hill-Johnson appeals the District Court's denials of his various motions to withdraw his guilty plea and motions for reconsideration. Because the District Court did not abuse its discretion in denying any of Hill-Johnson's motions, we will affirm.

A defendant may withdraw a guilty plea after the court accepts the plea but before it imposes a sentence if the "defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether the defendant has a "fair and just reason" to withdraw the plea, we consider three factors: whether the defendant asserts his innocence, the strength of the defendant's reasons for withdrawing the plea, and whether the government would be prejudiced by the withdrawal. *See*

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

*United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citing *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001); *United States v. Huff*, 873 F.2d 709, 711 (3d Cir. 1989)). "The burden of demonstrating a 'fair and just' reason falls on the defendant, and that burden is substantial." *Id.* Regarding the first factor, "[b]ald assertions of innocence . . . are insufficient to permit a defendant to withdraw her guilty plea. 'Assertions of innocence must be buttressed by facts in the record that support a claimed defense.'" *Brown*, 250 F.3d at 818 (quoting *United States v. Salgado-Ocampo*, 159 F.3d 322, 326 (7th Cir. 1998)) (internal citation omitted). With respect to the second factor, "[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Id.* at 815 (quoting *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992)). The court need not address the third factor "when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea." *Jones*, 336 F.3d at 255.

The District Court did not abuse its discretion by denying Hill-Johnson's first motion to withdraw his guilty plea filed on May 15, 2018. The District Court denied Hill-Johnson's motion because he did not assert his innocence or provide the court with any argument that the Government would not be prejudiced by a withdrawal of his plea. Likewise, regarding the second factor, the District Court indicated that Hill-Johnson did not offer any strong reasons to justify a withdrawal of his guilty plea. Instead, the District Court noted that Hill-Johnson "knowingly and willingly" pleaded guilty to both charges after engaging in a colloquy with the court and after the court found Hill-Johnson

6

competent. App. 76. Because we agree with the District Court that Hill-Johnson's motion failed to make any showing that he was innocent, that he had strong reasons for withdrawing the plea, or that the government would not be prejudiced by the withdrawal, we hold that the District Court did not abuse its discretion when it denied Hill-Johnson's first motion to withdraw his guilty plea. *See Jones*, 336 F.3d at 252.

Hill-Johnson filed a second motion to withdraw his guilty plea on June 18, 2018. Unlike his first motion, Hill-Johnson's second motion attempted to make a showing on each of the three factors. For instance, Hill-Johnson asserted that he was innocent but that his plea counsel convinced him to plead guilty anyway. Hill-Johnson claimed that he had strong reasons for withdrawing his plea because his counsel did not provide him with copies of discovery material in a timely manner and that, if he had had access to this discovery, Hill-Johnson would not have pleaded guilty. The District Court nonetheless denied this motion in a text order "for reasons set forth in" its previous order denying Hill-Johnson's first motion to withdraw his guilty plea. App. 8.

The District Court did not abuse its discretion when it denied Hill-Johnson's second motion to withdraw his guilty plea. Hill-Johnson failed to support his claim of innocence with anything more than mere "bald assertions," which are insufficient. *Jones*, 336 F.3d at 252. Similarly, Hill-Johnson has not shown that his argument on the second factor—that he wasn't timely given access to discovery by counsel which would have changed his plea decision—amounts to anything more than a "shift in defense tactics" or "a change of mind," which we have held "are not adequate" to support a motion to withdraw a guilty plea. *Brown*, 250 F.3d at 815. In fact, as the District Court noted in

7

denying Hill-Johnson's first motion, during his colloquy, Hill-Johnson stated under oath that he was completely satisfied with his counsel's advice and representation, and that counsel had done everything he had asked her to do. Therefore, because Hill-Johnson did not make a sufficient showing in support of his second motion to withdraw his guilty plea, the District Court did not abuse its discretion in denying it. *See Siddons*, 660 F.3d at 703.

Finally, the District Court did not abuse its discretion when it struck Hill-Johnson's August 27, 2018 motion to withdraw his guilty plea. In this third motion, Hill-Johnson simply reiterated the arguments made in his previous motions. The District Court struck Hill-Johnson's motion as moot because the court already denied his two prior motions on the same grounds. Because we agree that Hill-Johnson made no additional showing in support of his third motion to withdraw his guilty plea, we will not disturb the District Court's judgment.

Hill-Johnson also filed a number of motions for reconsideration of the District Court's various denials of his motions to withdraw his guilty plea. In each case, the District Court denied his motion for reconsideration because Hill-Johnson had failed to satisfy the relevant legal standard. *See, e.g.*, *United States ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014) (Party seeking reconsideration must demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted [the initial motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669,

677 (3d Cir. 1999))).  Because Hill-Johnson has not made any persuasive argument on

appeal that he did in fact meet this standard, we will affirm the District Court's denials of

Hill-Johnson's motions for reconsideration.[3]

### III.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[3] Consistent with our general approach on direct appeal, we decline to review Hill-Johnson's arguments that he received ineffective assistance of counsel. *United States v. Thornton,* 327 F.3d 268, 271 (3d Cir. 2003).