**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____


No. 23-2729


_____


UNITED STATES OF AMERICA

v.

ANTHONY GARVIN,
                                   Appellant

_____


On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-19-cr-00035-001)
District Judge:  Honorable Katharine S. Hayden
_____


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 28, 2024
_____


Before:  CHAGARES, Chief Judge, PORTER and CHUNG, Circuit Judges.

(Filed: November 4, 2024)
_____


OPINION[*]
_____


CHAGARES, Chief Judge.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Anthony Garvin pled guilty to bank fraud and conspiracy to commit bank fraud. He later moved to withdraw his guilty plea, and the District Court denied the motion. We conclude that the District Court did not abuse its discretion in denying Garvin's motion. We therefore will affirm.

I.[1]

Garvin was charged with five counts of bank fraud under 18 U.S.C. § 1344 and one count of conspiracy to commit bank fraud under 18 U.S.C. § 1349. He was represented at trial by court-appointed counsel.[2] On the third day of trial, a Friday, Garvin decided to enter a guilty plea.

The District Court held the plea hearing via videoconference. The following incident occurred about five minutes into the proceeding:

> THE COURT: Okay. So – did you have something to say, [counsel]?
>
> [COUNSEL]: I just wanted to make sure Mr. Garvin is still with us, not only in body, but in mind.
>
> THE COURT: Yes. Mr. Garvin? Are you there?
>
> [COUNSEL]: Mr. Garvin?
>
> THE COURTROOM DEPUTY: Oh.
>
> THE COURT: Oh, dear.
>
> [COUNSEL]: Did he just faint? Are you okay, Mr. Garvin?
>
> THE COURT: I think he was picking something up. Are you okay, Mr. Garvin?
>
> THE DEFENDANT: I kind of fainted. I passed out.

---

[1] Because we write for the parties, we recite only facts pertinent to our decision.
[2] Trial counsel was Garvin's eighth appointed attorney.

THE COURT: Oh, you did faint? Wow.

THE DEFENDANT: Yeah. Sorry.

THE COURT: No. Don't be sorry. Tell us how you are feeling, and tell us what you want us to do.

THE DEFENDANT: Uhmm, yeah. I don't think I'm ready to proceed.

Appendix ("App.") 132–33.

The District Court asked counsel if Garvin would like to take a break or reconvene after the weekend. When Garvin responded that he "can't get [his] head together right now," App. 135, the District Court offered counsel the opportunity to speak with Garvin privately to decide whether they would rather proceed or continue the hearing. The District Court then granted a fifteen-minute break.

Garvin returned from the break and informed the District Court that he was ready to proceed:

THE COURT: Okay. And we have had an opportunity to take a break. So, Mr. Garvin, I need to ask you specifically. Are you ready to proceed? I see you nodding, but you are muted. There you go. Are you ready to proceed, sir?

THE DEFENDANT: Yes.

THE COURT: Are you feeling okay?

THE DEFENDANT: Feeling better. Yes.

THE COURT: Okay. Fine. Not only better but ready?

THE DEFENDANT: Yes.

App. 137–38. The District Court then conducted a thorough colloquy and accepted Garvin's guilty plea.

3

Twenty-six days after entering the plea, Garvin moved pro se to withdraw it.  The District Court appointed new counsel.  Replacement counsel claimed, among other things, that Garvin's plea was not knowing and voluntary due to trial counsel's ineffective assistance — specifically, the advice to proceed with the plea hearing after the fainting episode.  As directed by the District Court, trial counsel filed a certification explaining his conduct.  The District Court held a hearing and denied the motion.

Garvin timely appealed the denial of the motion to withdraw the guilty plea following his sentencing.

## II.[3]

We review the denial of a motion to withdraw a guilty plea for abuse of discretion.  United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003).  The District Court was required to review three factors in resolving the motion:  (1) whether Garvin asserted his innocence; (2) whether the Government would be prejudiced by the withdrawal; and (3) the strength of Garvin's reason for the withdrawal.  See United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001).  The defendant bears a substantial burden to demonstrate a "fair and just" reason for the withdrawal.  Jones, 336 F.3d at 252.

Garvin claims that his fainting spell during the plea hearing rendered the plea "not knowing or voluntary either due to ineffective assistance of counsel, or based upon the record of his plea hearing."  Garvin Br. 12.  Garvin does not meaningfully argue that he asserted his innocence and demonstrated a lack of prejudice to the Government.  Rather,

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291.

he contends that the fainting spell is such a compellingly fair and just reason for withdrawal of the plea that his motion should have been granted. We are not persuaded.

## A.[4]

A defendant may withdraw a guilty plea based on the ineffective assistance of counsel if he shows, among other things, that the attorney's advice under the circumstances was unreasonable under prevailing professional norms. Jones, 336 F.3d at 253–54. Garvin claims he satisfied this standard because counsel permitted the plea hearing to proceed after his fainting spell. Garvin relies primarily on his own statements during the plea hearing, made initially after the fainting spell, that he did not feel well enough to proceed. He also relies on counsel's statements, made shortly after the fainting spell and before the fifteen-minute break, indicating that counsel would prefer to proceed that day rather than bring the jury back after the weekend. Garvin argues, "[b]ased upon

---

[4] Our Court generally does not entertain ineffective assistance of counsel claims on direct appeal, instead reserving such claims for collateral review. See United States v. Thornton, 327 F.3d 268, 272 (3d Cir. 2003). This is because the record usually is not developed enough on direct appeal to assess an ineffective assistance claim. See Virgin Islands v. Vanterpool, 767 F.3d 157, 163 (3d Cir. 2014). We have, however, recognized a "narrow exception" where the record is sufficiently developed to allow consideration of an ineffective assistance claim on direct appeal. Jones, 336 F.3d at 254. The District Court here held argument and considered both Garvin's and counsel's positions on whether counsel had been ineffective for allowing the plea hearing to proceed. The record in this matter thus was sufficiently developed to allow us to address the merits of that specific ineffective assistance claim. To the extent Garvin raises an additional ineffectiveness claim concerning an alleged "outburst" by counsel during the plea hearing, Garvin Br. 24, the District Court did not consider the claim and the record is not sufficiently developed for us to consider the claim at this stage. That claim is therefore dismissed without prejudice to being raised in a motion brought under 28 U.S.C. § 2255.

5

what happened in the plea hearing, [counsel's] failure to insist the proceeding not be carried over to the next available date was ineffective." Garvin Br. 19.

The District Court carefully considered all of the relevant circumstances in addressing the motion to withdraw the plea. The District Court noted that she was able to observe Garvin well during the videoconference. Although he did have a short fainting spell, he was given time to take a break and confer with counsel. After the break, Garvin expressly stated that he was feeling better and was ready to proceed. The District Court reviewed the many questions she asked directly of Garvin, including whether he understood and thoroughly discussed the plea decision with counsel. The District Court observed that, throughout the discussion, Garvin never said or acted as if he did not feel well enough to proceed. He also specifically and repeatedly was asked if he needed more time and did not indicate a need for it. Counsel similarly attested that he would have sought more time from the District Court had Garvin asked for it. The District Court also expressed skepticism about Garvin's claim that he did not understand the plea, considering that he waited twenty-six days to raise the issue to the District Court. The District Court therefore rejected Garvin's claim and concluded, among other things, that he "has not shown that the advice given [to proceed with the plea hearing] was unreasonable under those prevailing professional norms." App. 92.

We agree. Garvin suggests that, despite his own stated readiness to proceed, counsel nonetheless should have demanded that Garvin be examined by a physician or taken other steps to assure that Garvin was sufficiently mentally and physically fit. But on this record, we are not persuaded that the decision not to take such additional steps

6

shows that counsel's advice to proceed with the plea hearing after the fainting spell violated prevailing professional norms.  See Jones, 336 F.3d at 253–54.  We therefore conclude that the District Court did not abuse its discretion in denying Garvin's motion to withdraw based on his ineffective assistance claim.

## B.

Garvin next argues that, even if counsel provided effective assistance, the hearing transcript alone demonstrates that Garvin's plea was not knowing or voluntary.  This claim also lacks merit.  While the transcript shows that Garvin was initially disoriented after his fainting spell, it also shows that, after he took a break, Garvin assured the District Court of his readiness to proceed and fully engaged in the colloquy without apparent hesitation or confusion.

The hearing transcript, without more, does not show that the plea was not knowing and voluntary.  It is therefore insufficient to meet Garvin's substantial burden to demonstrate a "fair and just" reason for the withdrawal.  See Jones, 336 F.3d at 252.

## III.

For the foregoing reasons, we will affirm the District Court's order denying the motion to withdraw the guilty plea.[5]

---

[5] After briefing in this matter was complete, Garvin filed several pro se motions, including a request to file a supplemental pro se brief, a motion for bail pending appeal, and several additional documents.  The motion to proceed pro se is denied.  See 3d Cir. L.A.R. 31.3 (prohibiting supplemental pro se briefs).  Because Garvin remains represented by counsel, we will not consider his pro se submissions.  See United States v. Essig, 10 F.3d 968, 973 (3d Cir. 1993).